38 N.J. Super. 400 (1955)
119 A.2d 35
UNITED NATIONAL INDEMNITY COMPANY, A CORPORATION OF NEW YORK, PLAINTIFF,
v.
WARREN SANGIULIANO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 7, 1955.
*401 Mr. Henry M. Grosman, attorney for plaintiff (Mr. Joseph C. Paul, of counsel).
Mr. Robert Scherling, attorney for defendant.
*402 GAULKIN, J.C.C. (temporarily assigned).
Plaintiff's action here is to recover from defendant, its insured under a workmen's compensation policy, the sum of $4,302.85 which plaintiff was compelled to pay in satisfaction of a workmen's compensation award obtained by one of defendant's employees. The plaintiff insurance company contends that the defendant failed to give it notice of the accident as required by the policy; that consequently defendant forfeited his rights under the policy; that nevertheless under R.S. 34:15-85 plaintiff was compelled to pay the employee; and that therefore defendant is obligated to reimburse the plaintiff for the full amount of the award. Plaintiff moved for summary judgment, which was denied because the opposing affidavits raised an issue of fact. However, because the issues of law were argued ably and at length, and since this appears to be a proper case for such treatment, counsel have agreed that the issues be stated pursuant to R.R. 4:58-4.
The principal issue of law is the measure of damages, if plaintiff should recover. Plaintiff contends that if it shows defendant failed to give the notice required by the policy, plaintiff will be entitled to recover the full amount of the award it was compelled to pay. Defendant contends, on the other hand, that plaintiff may recover only to the extent it can show that it was prejudiced and damaged by the failure to give notice. Cf. Rockmiss v. New Jersey Manufacturers Ass'n, 112 N.J.L. 136 (E. & A. 1933).
Plaintiff relies on Miller v. Zurich General Accident & Liability Ins. Co., 36 N.J. Super. 288 (App. Div. 1955); Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373 (E. & A. 1938); Whittle v. Associated Indemnity Corp., 130 N.J.L. 576 (E. & A. 1943); and Bankers Indemnity Ins. Co. v. A.E.A. Co., 32 N.J. Super. 471 (App. Div. 1954).
Defendant admits that these cases have established the rule in New Jersey to be that where "performance of the conditions stated is made by the policy a condition precedent to recovery thereon * * * the company is entitled to assert substantial non-performance of any condition as a *403 defense to any proceeding against it on the policy, entirely without regard to whether or not it has been prejudiced by the default." Miller v. Zurich General Accident & Liability Ins. Co., supra. However, says defendant, these cases are not in point because in the policy now before us the provision for notice is not a condition precedent to the insurer's liability, as it was in each of the cases mentioned above. The defendant argues that the policy here does not expressly say that compliance with the notice provision is a condition precedent, nor that failure to give notice causes a forfeiture; nor does it provide for reimbursement from the insured, in the event of non-liability to the insured but liability to the injured party, as did the policy in the case of Bankers Indemnity Ins. Co. v. A.E.A. Co., supra. Defendant says the workmen's compensation policy here involved is in the form used by all workmen's compensation carriers in this State; they drafted it well knowing the language used in accident and other types of insurance, and they deliberately elected not to use that language, which made notice a condition precedent, or which provided for reimbursement in cases such as this. Since the policy must be construed strictly in accordance with its terms against the company that drew it and liberally in favor of the insured, defendant says the provision as to notice should not be construed as a condition, but as a covenant.
Defendant relies heavily on Fidelity & Casualty Co. of New York v. Vantaggi, 300 Mich. 528, 2 N.W.2d 490, 493 (Sup. Ct. 1942); Id., 309 Mich. 633, 16 N.W.2d 101 (Sup. Ct. 1944). Defendant says this case is "the only reported case * * * wherein a compensation insurer sued to recover back money paid, on the ground that the employer violated a breach of notice provision in the policy." In that case the Michigan Supreme Court did say:
"The failure of an employer to give notice of an accident as provided for in his policy of insurance is such a substantial breach as to furnish a basis for recovery by the insurer. However, the insurer must show the extent and amount of the damages it has suffered by reason of this breach."
*404 This case appears to overrule dictum to the contrary contained in the case of Fidelity & Casualty Co. of New York v. Board of County Commissioners, 267 Mich. 193, 255 N.W. 284 (Sup. Ct. 1934).
However, Michigan is a state which does not follow the rule which has been established in this State (called the "Whittle Rule" by Judge Conford in Miller v. Zurich General Accident & Liability Ins. Co., supra) that substantial non-performance of any condition works a forfeiture, without a showing by the insurer of prejudice. Michigan is one of the states that require the insurer to show the non-compliance not only to be substantial, but also to be prejudicial. Wehner v. Foster, 331 Mich. 113, 49 N.W.2d 87 (Sup. Ct. 1951); Weller v. Cummins, 330 Mich. 286, 47 N.W.2d 612 (Sup. Ct. 1951); Kennedy v. Dashner, 319 Mich. 491, 30 N.W.2d 46, 47 (Sup. Ct. 1947); Note 68 Harv. L. Rev. 1436, at 1437. As Judge Conford said in the Miller case, we must follow the New Jersey rule, because the deliberately considered determination by our court of last resort in the cases cited is not to be disregarded by a lower court. Hence the cases, such as those from Michigan, "which are influenced by the factor of prejudice are * * * not authoritative in this jurisdiction." Miller v. Zurich General Accident & Liability Ins. Co., supra, at page 296. Therefore, unless there is something in the policy involved in this case, or in the nature of workmen's compensation insurance, that distinguishes this case from our decided cases which established and followed the "Whittle Rule," we cannot follow the Vantaggi case.
Let us turn then to the policy. It is true that nowhere in the policy is it said in so many words that the insured's rights shall be forfeited for failure to give the stipulated notice, nor do the words "condition precedent" appear anywhere in the policy, nor is there a reimbursement clause, nor is there any provision that no action may be maintained until compliance with all of the terms and provisions of the policy.
*405 But is that necessary to make the performance by the insured of the provision for notice a condition precedent to the liability of the insurance company? Williston says (Contracts (rev. ed. 1936), sec. 671):
"Any words will create a condition which express, when properly interpreted, the idea that the performance of the promise is dependent on some other event * * * `For the most part conditions have conditional words in their frontispiece and do begin therewith.' * * * In the early books there are said to be three words most proper for the purpose: proviso, ita quod, and sub conditione; * * *."
The policy here involved provides "THIS AGREEMENT IS SUBJECT TO THE FOLLOWING CONDITIONS," which would appear to be the equivalent of the "sub conditione" mentioned by Williston. See Bankers Indemnity Ins. Co. v. A.E.A. Co., supra, at page 475. Under that heading, in this policy, appears the following:

"F. Notice to Company
This employer, upon the occurrence of an accident, shall give immediate written notice thereof to the company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. * * * Nothing elsewhere contained in this policy shall relieve this employer of his obligations to the company with respect to notice as herein imposed upon him."
The "New Jersey Standard Workmen's Compensation and Employers' Liability Endorsement" contained in the policy provides:
"4. Notice given by or on behalf of this Employer to any authorized agent of the Company within the State of New Jersey, with particulars sufficient to identify this Employer, shall be deemed to be notice to the Company. Failure to give such notice within the time specified in this Policy shall not invalidate any claim made by this Employer if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."
The fair corollary of the words italicized by me, is that the employer's claim is invalidated if the employer fails to show *406 it was not "reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."
The Restatement of Contracts, sec. 258, says that:
"No particular form of words is necessary in order to create an express condition. Whether a promise is expressly conditional * * * depend (s) upon interpretation * * *."
Comment (a) thereunder says:
"An intention to make a promise conditional may be manifested by the general nature of a promise or agreement, as well as in more formal ways, and if so manifested the condition is express."
Section 260 of the Restatement says:
"If in an agreement words that state that an act is to be performed purport to be the words of the person who is to do the act, the words are interpreted, unless a contrary intention has been manifested, as a promise by that person to perform the act. If the words purport to be those of a party who is not to do the act they are interpreted, unless a contrary intention has been manifested, as limiting the promise of that party by making performance of the act a condition."
Comment (b) thereunder is:
"If a contract is clearly unilateral, as is the case with many if not most policies of insurance, the answer to the question to whom must the language be attributed admits of no doubt. In such a contract only one party speaks. * * * Any clause therefore in a policy of insurance requiring any act to be done by the insured, will make that act a condition of the * * * insurance."
Williston (supra, sec. 672) says substantially the same thing as section 260 of the Restatement, and adds:
"Any clause, therefore, in a policy of insurance requiring any act to be done by the insured will be a condition of the covenant or promise of insurance, though its language may more naturally import a covenant or promise by the insured."
The language of this policy, read in the light of these general principles of interpretation, leads to the conclusion *407 that here the company's liability is expressly conditioned on the insured's giving the required notice.
Is there anything in the nature of the policy, or in the purpose of the provision, that repels this conclusion? On the contrary, the nature of the insurance contract, and the purpose of the provision for notice, impels one to that conclusion as the more reasonable one.
The reason for the provision has been well stated in our cases. In Weller v. Atlantic Casualty Ins. Co., 128 N.J.L. 414, 416 (Sup. Ct. 1942) the court said:
"The purpose of such provision is obvious. The insurance company must investigate the accident and prepare its defense. An investigation long after the occurrence is accomplished, as every one knows, with great difficulty and little promise of success. The insurer must determine its liability after the occurrence, and is relieved if the insured neglects to give the information, which he was required to give, if he would impose liability upon his insurer."
In Miller v. Zurich General Accident & Liability Ins. Co., supra, at page 296, Judge Conford said:
"A difference of weeks (and sometimes of days) in notification to an insurer of an accident may well spell the difference between its ability advantageously to prepare its defense or settle a claim and its relegation to a less favorable position."
As much as one might complain that insurance premiums are too high, the fact remains that for a relatively small premium the liability insurer assumes a large risk. For notice of the accident it is usually at the mercy of the insured. It can not be seriously denied that in most cases the earlier the insurer has notice the more effective will be its investigation. As the note in 68 Harvard L. Rev. 1436 (1955) says:
"The policy provisions requiring the assured to give prompt notice of accidents and to cooperate in the defense are designed to place the insurer in a position to discover and prove facts. They make possible investigation while physical results of the accident are still observable at first hand and recollections still fresh. * * *"
"The notice and cooperation clauses are intended to protect it from being forced to pay a judgment against which it has not had an opportunity *408 to defend effectively, for the longer the assured delays in giving notice of an accident and the less cooperative he is in the subsequent negotiation and litigation, the less likely is the insurer to get a fair determination of its policy liability.
If it were possible to excuse the insurer only when failure to notify or cooperate caused the resolution of the tort controversy to be substantially less favorable to it than would have been the case had the assured complied fully with the policy conditions, there would be no difficulty. However, in most cases the effect of the noncompliance is unknowable in any objective sense. What the insurer would have discovered had it been given timely notice and been able to conduct a prompt investigation or had it been given cooperation is problematical; it will generally have no more information at the time of the proceeding brought against it under the policy than it had at the time of the tort action. Thus any evaluation by court or jury as to the prejudicial effect of the noncompliance must be entirely conjectural."
See also Kindervater v. Motorists Casualty Ins. Co., supra.
Hence it would be unreasonable to conclude that on this critical question of notice the insurer bargained merely for the insured's promise to give the notice, under penalty of damages for the prejudice the insurer could prove. Nor is there anything in the policy upon which the insured can reasonably argue he was led to believe that his obligation to give notice was so circumscribed (cf. Gunther v. Metropolitan Casualty Ins. Co., 33 N.J. Super. 101 (Law Div. 1954); and, as Dean Larson says (The Law of Workmen's Compensation, sec. 94.10), in workmen's compensation, "there is no strong reason why the rights of the insurer and insured inter se should not be governed by ordinary insurance rules."
Although for present purposes it does not seem important to determine whether this is a condition precedent or subsequent, in my opinion this provision for notice is a condition precedent to the insurer's liability. Illustration 1 under Sec. 259 of the Restatement of Contracts is:
"A issues an insurance policy covering loss of B's house by fire. The policy after stating a promise to pay a loss by fire to the extent of $5,000 provides that failure to notify the insurer within 30 days after loss shall terminate the duty to pay, and that suit must be brought within 60 days after rejection of a claim. Though failure by B to notify the insurer within the 30-day period is stated as a condition subsequent terminating a duty to pay, such *409 notification is in effect a condition precedent, since there is no duty of immediate performance until notification has been given. Failure to sue within 60 days after rejection of the claim is a true condition subsequent, since a duty of immediate performance which has once arisen is divested."
See also Miller v. Zurich General Accident & Liability Ins. Co., supra; Weller v. Atlantic Casualty Ins. Co., supra.
The fact that the insurance company did not use the language contained in other types of insurance to express this condition is understandable, for the Workmen's Compensation Act expressly provides that many breaches of warranties and conditions that affect the rights of claimants under other liability policies shall not affect the employee's rights (R.S. 34:15-78, 82-84, and 86, 87).
Had the insured paid the award and then sued the carrier for that amount, the insured could not have recovered without proving he gave the required notice, Miller v. Zurich General Accident & Liability Ins. Co., supra, and cases therein cited. That would be upon the basis that the policy had been "forfeited." Why should there be less of a forfeiture upon the same facts when the carrier sues the insured?
Plaintiff insurance company, being under no liability to the defendant, was compelled to pay the employee. It was not a voluntary payment. Under those circumstances, the insurance company is entitled to be reimbursed by the named insured, even in the absence of an express reimbursement clause in the policy. American Fidelity & Casualty Co. v. Big Four Taxi Co., 111 W. Va. 462, 163 S.E. 40 (Sup. Ct. App. 1932); Illinois Casualty Co. v. Krol, 324 Ill. App. 478, 58 N.E.2d 473 (Ill. App. 1944). Even the Michigan cases so hold, though they limit the recovery to the extent of the demonstrated prejudice. Fidelity & Casualty Co. v. Board of County Commissioners, supra.
In New Jersey, in my opinion, the measure of recovery is the full amount which the insurer paid to the employee.
Of course, substantial, and not literal, compliance with the notice provision of the policy is all that is required of the insured, and some failures to give prompt notice are excused *410 under paragraph 4 thereof, quoted above. In a proper case, on the issue of substantial compliance, evidence of prejudice or the lack of it may become admissible. For example in a borderline case, where there was only a short delay, whether or not there was prejudice may be an important factor in determining whether or not there was "substantial performance." Rockmiss v. New Jersey Manufacturers, supra; Miller v. Zurich General Accident & Liability Ins. Co., supra.
Furthermore, were this a case in which the named insured, though he did not give "immediate" notice as required by the policy, did give the insurer notice within 90 days after the injury, thought would have to be given to the effect of the language of R.S. 34:15-17. However. since here it is not disputed that notice was not given to the insurer until more than a year after the accident, no opinion is expressed thereon.
Another issue is raised by plaintiff. It contends that since in the Workmen's Compensation Division it was adjudged that defendant had knowledge or notice of the employee's injury at the time it happened, that finding is res judicata or estoppel by judgment here; and since defendant did not notify it of the accident until 17 months later, plaintiff argues it is entitled to summary judgment. Miller v. Zurich General Accident & Liability Ins. Co., supra. Defendant filed an affidavit against the motion for summary judgment, in which he still insists he had no knowledge or notice of the employee's accident until the date he notified the plaintiff insurer.
The finding of the Division as to the time defendant obtained the knowledge or notice of the employee's "injury" (R.S. 34:15-17) is not res judicata here, nor is there estoppel by judgment against defendant on that point in this action for several reasons, the principal one being that the content and quality of "knowledge" and "notice" under the Workmen's Compensation Act are not identical with that under the policy. What a court, construing the act liberally in favor of the injured employee (and therefore against the employer) may find sufficient to constitute "knowledge" or *411 "notice" under the act, may fall far short of the knowledge or notice which a court, construing a policy most favorably to the employer, finds sufficient to impose upon the employer the duty of notifying the insurer. The construction of the policy here will involve the interpretation of many words which are in the policy but which are not contained in the act, as well as the question whether the words that do appear both in the act and in the policy have the same content in each case.
Of course, the Division had no jurisdiction to determine coverage or to construe the policy, and made no attempt to do so.
The foregoing conclusions will be reflected in the pretrial order.