304 P.2d 910

Dale THOMPSON and Lavor Thompson, co-partners, dba Idaho Bartile Company and Bartile Manufacturing Company, Plaintiffs-Respondents,

v.

LIBERTY NATIONAL INSURANCE CO., a corporation, Defendant-Appellant.

No. 8404.

Supreme Court of Idaho.

Dec. 12, 1956.

William M. Smith, Boise, for appellant.

Budge & Clemons and Robert W. Green, Boise, for respondent.

KEETON, Justice.

In a proceeding before the Industrial Accident Board where Elvin J. Cutler, Jr., was claimant, and Idaho Bartile Company, a copartnership, employer, and Liberty National Insurance Co., surety for the employer, were defendants, the Industrial Accident Board found that claimant, on June 15, 1953, had suffered an industrial accident while in the employ of the Idaho Bartile Company, and was entitled to an award. The surety denied liability on the ground that its coverage of the Idaho Bartile Company et al. was canceled, effective June 1, 1953, and it was not the surety on the date of claimant's accident. The employer admitted liability and before the liability, if any, of the surety had been determined the entire amount due claimant was paid to him by the employer, respondent here. $27.50 due and payable to the Treasurer of the State of Idaho for deposit in the Industrial Special Indemnity Fund was not paid. Subsequent to the time claimant's claim had been paid in full the Board set for hearing the question of the liability of the surety. The surety made a motion to dismiss the proceeding then pending before the Board on the ground the Board had no jurisdiction to entertain or determine such

a matter, which motion was denied, whereupon the Board entered an award dated May 17th, 1955, against the employer and surety.

This action was commenced in the District Court of Ada County by the employer, respondent here, to recover from the surety, appellant, the amount paid by it to the injured employee, $27.50 due the Industrial Special Indemnity Fund, and attorney fees, and in a second cause of action, a certain advance deposit of premium paid appellant under date of July 1, 1953.

Defendant surety answered the complaint, made a specific denial of certain allegations and in an affirmative defense alleged that the policy of insurance covering the employees of respondent was not in effect subsequent to June 1, 1953, or on June 15, 1953, when the accident occurred, and it was not liable to indemnity appellant; also filed a motion to make Bryan & Co., Inc., the agent of appellant, who had written the policy, a party to the action, and tendered a cross complaint against Bryan & Co.; also alleged that if the employer, respondent, had in fact paid Cutler all sums he was entitled to, then the Industrial Accident Board had no issue of fact or law before it, and was without jurisdiction to hear and decide facts and issues between the employer and the alleged surety. Respondents moved to strike the affirmative matter contained in the appellant's answer and amended answer on the ground that the same was redundant, immaterial and constituted no defense to the action. The court sustained the motion and struck the affirmative defense and denied the motion to file a cross complaint against Bryan & Co.

On the trial of the issues the defendant offered to prove that notice of the cancellation of the policy, the subject matter of the action, was served May 22nd, and the policy canceled June 1, 1953, because of non-payment of premiums; that subsequent to the accident to Cutler on June 15th, respondent's payroll report was filed and the quarterly premium paid. Objection to the offer of proof was sustained on the ground that the Industrial Accident Board had jurisdiction to determine the liability of the surety (appellant) and whether the insurance policy was in effect on the date of the accident so as to bind the insurer; that the Board having determined such matter, it was res judicata as to the present action, and entered judgment against defendant. Appeal was taken from the judgment.

Respondents in their brief state that the actual question presented by the appeal is, under the facts above outlined, whether the Industrial Accident Board had jurisdiction to determine if respondents' workmen's compensation policy, issued by appellant, was in effect at the time of the accident, and jurisdiction to determine whether the insured was liable, contending that the matter here in dispute was adjudicated against appellant by the Board, and

that such adjudication became final when no appeal was taken; that the defense here made is the same defense that was presented to the Board and adjudicated by it.

The question of liability, if any, of the surety was heard by the Board April 13, 1955, at a time after all compensation payments had been made to Cutler, the injured workman, and was decided May 17, 1955.

■ The Industrial Accident Board's jurisdiction is created by statute. As between claimant in an industrial accident case, the employer and the surety, the Board has jurisdiction to determine the liability, if any, to claimant and enter an award against employer and the surety. Sec. 72–613, I.C. As between the injured workman, the employer and the surety, the award in such cases is final unless appealed from. Sec. 72–608, I.C.; Johnson v. Falen, 65 Idaho 542, 149 P.2d 228.

The controversy here is not one in which the injured workman is in anywise interested. The liability having been paid by the employer prior to the Industrial Accident Board hearing, the contract relationship of the employer and the surety was no longer a subject of controversy for the Board to determine.

■ The liability, if any, of the surety was a matter based on a contract and under the facts here presented determinable only in a court of competent jurisdiction, not by the Industrial Accident Board. At the time of the hearing before the Industrial Accident Board on the controversy which existed between the respondents and appellant, the award having been paid, there was, in fact, nothing left for the Board to decide, and such liability of the surety, if any, may be determined in this proceeding pending in the district court.

In situations where a surety has been held liable to an injured workman and compelled to pay an award, matters in dispute between such insurer and the employer may be determined in a court of competent jurisdiction. 58 Am.Jur. 924, Sec. 560; Musgrave v. Liberty Mut. Ins. Co., 73 Idaho 261, 250 P.2d 909; De Campos v. State Compensation Ins. Fund, 122 Cal.App.2d 519, 265 P.2d 617; United National Indemnity Company v. Sangiuliano, 38 N.J. Super. 400, 119 A.2d 35; Colonial Ins. Co. v. Industrial Accident Commission, 29 Cal. 2d 79, 172 P.2d 884; Fidelity & Cas. Co. of N. Y. v. Industrial Accident Comm., Cal., 178 P. 896.

It therefore follows that the dispute shown to exist between appellant and respondents was not finally adjudicated by the Industrial Accident Board and was not res judicata in the present proceeding.

The proceeding before the Industrial Accident Board, after payment of all com-

pensation to which the injured workman was entitled, was simply a matter of contribution between alleged joint obligors. The Board's jurisdiction does not extend to such matters. The present proceeding is one based on a contractual relation and under the facts presented is not a controversy for the Board to determine.

 Appellant's petition for an order to permit the filing of a cross complaint against Bryan & Co. based on the assumption that if appellant was liable to respondents, appellant would have a "right-over" against its agent for breach of contract, was properly denied. Bryan & Co. was neither indispensable nor a necessary party to the action at bar and what rights, if any, appellant would have against Bryan & Co. would have to be determined in an action against it, not in this proceeding. 67 C.J.S., Parties, § 74 j, page 1033 and 67 C.J.S., Parties, § 82 b, page 1070.

The judgment against appellant, based on respondents' second cause of action, for the sum of $174.55, with interest at six per cent from July 27, 1953, being for advance premiums paid, is not challenged in this appeal, and is affirmed. The judgment on the first cause of action for $1,663, interest of $108.03 and attorney fees of $600, is reversed and the cause remanded with instructions to the trial court to reinstate appellant's answer and to hear and determine the issues on the merits. Costs to appellant.

TAYLOR, C. J., PORTER and ANDERSON, JJ., and DUNLAP, D. J., concur.