408 P.2d 474

Richard MARTIN, Employee,
Claimant-Appellant,

v.

ROBERT W. WOODS LUMBER CO., Employer, Defendant-Appellant,

and

Argonaut Insurance Company, Surety,
Defendant-Respondent.

No. 9261.

Supreme Court of Idaho.

Dec. 9, 1965.

Stephen Bistline, Sandpoint, for appellant Richard Martin. Bandelin & Cogswell, Sandpoint, for appellant R. W. Woods.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent.

For points and authorities see 90 Idaho 107.

McQUADE, Chief Justice.

On May 1, 1962, at 11:20 a. m. Richard Martin, claimant-appellant herein, was injured by accident arising out of and in the course of his employment by his employer, R. W. Woods, doing business as Woods Lumber Company. Martin filed a claim for compensation with the Industrial Accident Board and an investigational hearing was held on June 4, 1962. Woods alleged that he carried industrial insurance with Argonaut Insurance Company and that Argonaut was liable for any award the Board might grant to Martin. Argonaut denied it was Woods' surety at the time of the accident and alleged that Woods' policy had expired at 12:01 a. m. on May 1, 1962.

The basis of Woods' claim against Argonaut was that he had placed his insurance

for many years with a local insurance agency, the F. G. Harrell Agency, which had been an agent of Argonaut. In 1960 on the recommendation of the owners of the Agency, Woods purchased his industrial insurance from Argonaut rather than another company from which he previously had purchased insurance. The policy had a one-year term and was to expire at 12:01 a. m., May 1, 1961. On the expiration date the policy was automatically renewed and extended to May 1, 1962. Woods testified that this had been the practice with all his prior policies and assumed that the renewal for 1962–1963 also would be automatic. He further claimed he was assured by the owner of the Harrell Agency that the policy would be automatically renewed on May 1, 1962. The policy was not renewed, however, and according to the Board's records, Woods was an uninsured employer on May 1, 1962. Argonaut claims it had terminated its agency relationship with the Harrell Agency prior to May 1, 1962. Woods was not notified by Argonaut until after the policy had expired of the termination of the Harrell Agency's authority to act as Argonaut's agent or that his policy would not be renewed. Woods argues that Argonaut is estopped from denying its liability because of its failure to notify Woods that the Harrell Agency was without authority to renew the policy and that the policy would not be renewed.

The Industrial Accident Board ruled that Argonaut's term bond had expired at 12:01 a. m. on May 1, 1962, and was not in effect at the time the accident occurred, adding that "As a term bond, no notice of its termination was required." Argonaut was dismissed as a party defendant and the Board held Woods, as a non-insured employer, liable to Martin for the latter's injuries.

The Board, however, declined to decide the issue of Argonaut's liability to Woods. Its decision, in part, stated:

*"Board's Limited Jurisdiction*

"It appears, in part from Woods' testimony, that he was relying on a local insurance agency to keep him covered insurance-wise. The local agency's representation of Argonaut had apparently been terminated prior to May 1, 1962, and said agency had failed to obtain other insurance coverage. The Industrial Accident Board *has no jurisdiction over the negotiations and contractual relations between employers and their insurance carriers, or of disputes between them."* (Emphasis added)

Thus the issue is clearly put for this court: Does the Industrial Accident Board have jurisdiction, once a claim is made to the Board by an employee seeking a workmen's

compensation award, to decide a collateral issue of law of the existence or nonexistence of a contract of insurance between an employer and an insurance company, or an issue of estoppel of the surety to deny the existence of the insurance contract?

This matter has been conclusively decided in Thompson v. Liberty National Insurance Co., 78 Idaho 381, 384, 304 P.2d 910, 911 (1956). Therein it was stated:

"The liability, if any, of the surety was a matter based on a contract and under the facts here presented determinable only in a court of competent jurisdiction, not by the Industrial Accident Board."

Although the facts in that case indicate the injured employee had been paid the compensation award by his employer prior to the Board's determination of the surety's liability, the principles of law enunciated therein are applicable in the present case.

The order of the Industrial Accident Board is affirmed.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.