691 P.2d 1187
**Raymond WALKER, Jr.,
Claimant-Appellant,**

v.

**HENSLEY TRUCKING, Employer, and
Argonaut Northwest Insurance Company, Surety, Defendants-Respondents.**

**No. 14671.**

Supreme Court of Idaho.

Nov. 5, 1984.

Rehearing Denied Dec. 27, 1984.

L. Clyel Berry, of Pike & Berry, Twin Falls, for claimant-appellant.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, for defendants-respondents.

BISTLINE, Judge.

On March 25, 1980, Raymond Walker was injured in an automobile collision with Tom Jones. The accident occurred during the course of Walker's employment with Hensley Trucking. Hensley was insured by respondent Argonaut Insurance Company, which paid Walker $4,463.81 in worker's compensation benefits. In April of 1980, Walker instituted a lawsuit against Jones, who was insured by Safeco Insurance. Shortly thereafter, Walker's attorney asked Argonaut if it would like him to at the same time represent Argonaut as to its subrogated interest. Argonaut did not

respond to this inquiry, nor did it retain any other counsel.

In September of 1980, Argonaut wrote Safeco asking if Safeco "would honor our subrogation interest." There followed an exchange of letters between Argonaut and Safeco culminating in March 1981, with a request by Argonaut for the $4,463.81, which it had paid out as aforesaid.

The following month, Safeco settled the pending civil action with Walker and tendered two checks, one for $10,000 payable to Walker and his attorney and another for $4,463.81 payable to Walker, his attorney, and Argonaut. This controversy arose when Argonaut demanded that it be given the entire amount of the subrogation interest, without any deductions for attorney's fees. In reliance on I.C. § 72–223(4), Walker's attorney refused to turn over the check without first deducting the percentage for attorney's fees and costs which had been agreed upon by Walker and his attorney. Section 72–223(4) reads:

"(4) On any recovery by the employee against a third party, the employer shall pay or have deducted from his subrogated portion thereof, a proportionate share of the costs and attorney's fees incurred by the employee in obtaining such recovery."

Notwithstanding that the industrial case was closed, other than for re-opening on change of condition within five years pursuant to I.C. § 72–719, Argonaut filed a petition with the Industrial Commission asking that the Commission declare Argonaut's subrogation interest in Walker's recovery (the Safeco check in the amount of $4,463.81) not subject to attorney's fees and costs. Walker and one of his attorneys were served as named defendants, and appeared without challenging the Commission's jurisdiction to entertain and determine the controversy. The Commission apparently believed that it had jurisdiction, and upon submission of a stipulation of facts accompanied by documentation, the Commission ruled as a matter of law that I.C. § 72–223(4) should not be interpreted to impose attorney's fees involuntarily upon the employer and surety where the relationship of attorney-client did not exist between claimant's attorney and the surety. Without passing upon the questionable jurisdiction of the Commission, which has not been raised as an issue, we turn to the issue submitted to us: Under § 72–223 are Walker's attorneys allowed to deduct proportionate fees and costs from Argonaut's subrogation interest amount.

■ A well-settled rule of construction is that the words of a statute must be given their plain, usual and ordinary meaning, in the absence of any ambiguity. *Higginson v. Westergard*, 100 Idaho 687, 604 P.2d 51 (1979); *Nagel v. Hammond*, 90 Idaho 96, 408 P.2d 468 (1965). The plain, obvious and rational meaning is always to be preferred to any curious, narrow, hidden sense. *Id.* The words of I.C. § 72–223(4) are clear and unambiguous. Its crucial language reads, "On *any* recovery...." (Emphasis added.) The statute does not limit payment of attorney's fees and costs to situations where there is or has been an administrative or judicial proceeding. The statute applies to all circumstances where any recovery has been effectuated by the employee against a third party. A civil action is not a condition precedent to the application of § 72–223(4). A recovery is often obtained without the necessity of suit. The Industrial Commission erred in concluding that § 72–223(4) was not intended to require the surety to share attorney's fees and costs with the employee. That is precisely what it provides.

The judgment of the Commission is accordingly *reversed.* No attorney's fees. Costs to appellants.

DONALDSON, C.J., and SHEPARD and HUNTLEY, JJ., concur.

BAKES, Judge, dissenting:

On March 25, 1980, claimant was injured in an automobile accident with a third party. The accident occurred during the course and scope of appellant's employment with Hensley Trucking Company. Respondent Argonaut Insurance Company

paid workmen's compensation benefits to appellant totaling $4,463.81 pursuant to an agreement approved by the Industrial Commission on February 23, 1981. Argonaut independently pursued its subrogation claim, notifying the third party's insurance carrier, Safeco Insurance, of the amount. Claimant's attorney had previously filed a tort action against the third party tortfeasor. On April 6, 1981, Safeco Insurance settled with the claimant, sending claimant's attorney two checks, one for $10,000 payable to claimant and his attorney, and one for $4,463.81 payable to claimant, his attorney, and Argonaut. Claimant's attorney then contacted Argonaut and refused to turn over the check representing the subrogation claim without first being allowed to deduct 33% for attorney fees and costs. Claimant's attorney based his demand on I.C. § 72–223(4), which reads:

> "72.223. Third party liability.—...
>
> ....
>
> "(4) On any recovery by the employee against a third party, the employer shall pay or have deducted from his subrogated portion thereof, a proportionate share of the costs and attorney *fees incurred by the employee in obtaining such recovery.*" (Emphasis added.)

Argonaut, on July 17, 1981, filed an application for hearing before the Industrial Commission to resolve this question.[1]

The Industrial Commission, after conducting a hearing in which it heard evidence concerning the extent to which Argonaut independently pursued its subrogation claim against the third party's insurance carrier Safeco, made a factual finding that the surety was able to recover its subrogated interest directly from the third party by itself, and thus the recovery of the subrogated portion of this claim was not "ob-

tained by" the employee (or his attorney) within the meaning of I.C. § 72–223. The Industrial Commission then concluded that the employee's attorney was not entitled to claim attorney fees from the subrogated portion of this claim under I.C. § 72–223(4). There is substantial evidence in the record to support that factual finding of the commission, and it should be upheld by this Court. *See Houser v. Southern Idaho Pipe & Steel, Inc.,* 103 Idaho 441, 443–44, 649 P.2d 1197, 1199–1200 (1982); *Gradwohl v. J.R. Simplot Co.,* 96 Idaho 655, 531 P.2d 755 (1975); *Hamby v. Simplot Co.,* 94 Idaho 794, 797, 498 P.2d 1267, 1270 (1972).

There is an additional reason why the Industrial Commission's decision should be affirmed. Under the statute, I.C. § 72–223, in order for the employer to be required to pay a portion of its subrogated recovery, it must be shown that the employee has incurred attorney fees as a result of the employer's "obtaining such recovery." Under the contingent fee contract between the employee and his attorney in this case, the employee was only liable to pay one-third of the recovery which he (the employee) received. Regardless of any recovery by the employer of its subrogated claim, the employee was only obligated to pay one-third of the $10,000 amount which he received. He did not "incur" an obligation to pay any attorney fees as a result of the employer's surety's recovery of its subrogated amount. Thus, the amount claimed by the attorney against the employer's subrogated amount was neither "attorney's fees incurred by the employee" nor fees incurred by the employee "in obtaining such recovery."

The majority's reading of the statute requires that an employer who recovers on a

---

1. Neither party has raised the question of the jurisdiction of the Industrial Commission to hear this matter, assuming that the Industrial Commission had jurisdiction of this dispute pursuant to I.C. § 72–707. That code section, passed in 1971, substantially broadened the jurisdiction of the commission, affecting such preenactment cases as *Martin v. Robert W. Woods Lumber, Inc.,* 90 Idaho 105, 408 P.2d 474 (1965), and *Thompson v. Liberty National Ins. Co.,* 78

Idaho 381, 304 P.2d 910 (1956). The statute itself is very broad and states:

> "72–707. **Commission has jurisdiction of disputes.**—All questions arising under this law ... *shall* be determined by the commission." (Emphasis added.)

The statute would thus appear to give the commission jurisdiction of the dispute in question since it arose under the workmen's compensation law.

subrogated interest contribute to payment of the employee's attorney fees even if a second attorney is retained to represent the employer's interest because of a conflict of interest between the employer and employee. For example, in settlement negotiations where the employer's interests might be very different from the employee's interests, the employer would be forced to bear the cost of providing representation for himself as well as for the employee. In light of contingent fee agreements, such as the agreement between Walker and his attorney in this case, it is difficult to understand what legislative purpose would be behind enactment of a statute with this result.

It is far more logical to read the statute as requiring that an employer share in an employee's attorney fees *only* when the employer has benefitted from the attorney's efforts. In this case the Industrial Commission heard the evidence concerning the efforts which both the surety and the employee's attorney put forth in negotiating their claims against the third party, and concluded:

> "In this case, it is clear that the employer and surety did not retain claimant's attorney to represent them or to safeguard their interests with respect to the third party claim which claimant's attorney was pursuing and which was eventually settled. The workmen's compensation's surety was able to recover its subrogated interest directly from the third party's insurance company without the necessity of obtaining an attorney."

On appeal from orders of the Industrial Commission, this Court is limited to a review of questions of law. Idaho Const. art. 5, § 9. Accordingly, the factual findings of the Industrial Commission should be upheld.