697 P.2d 1171

STATE of Idaho, Through its IDAHO STATE BOARD OF ACCOUNTANCY, a State Agency, Plaintiff-Appellant, Cross-Respondent,

v.

LEAGUE SERVICES, INC., Defendant-Respondent, Cross-Appellant.

No. 15476.

Supreme Court of Idaho.

March 26, 1985.

Anthony G. Hall and Robert L. Miller, Boise, for plaintiff-appellant and cross-respondent.

Alan D. Cameron, Boise, for defendant-respondent and cross-appellant.

HUNTLEY, Justice.

The State Board of Accountancy (the Board) appeals from a ruling of summary judgment in favor of League Services, a corporation which the Board claims performs various accounting and auditing functions without a license. The Board contends that this alleged conduct is forbidden by I.C. §§ 54–218(3) and 54–218(4).

The Idaho Credit Union League (ICUL) is a non-profit trade association, all of whose members are credit unions chartered pursuant to either the Idaho Credit Union Act (Chapter 21, Title 26 of the Idaho Code) or the Federal Credit Union Act (12 U.S.Code 1751 et seq.) and doing business in Idaho. League Services, Inc., a wholly-owned subsidiary of the ICUL, was organized to provide services to ICUL's members.

Since 1977, League Services has employed James Anderson, a licensed certified public accountant. For a fee League Services annually conducts an examination of the financial affairs of the member credit unions and submits a report to each credit union's Board of Directors.

The Board, in seeking to enjoin League Services from practicing accountancy, alleged that League Services was performing services which were regulated by the Idaho Accountancy Act (Chapter 2, Title 54, Idaho Code) ("the Act") without a license.

League Services moved for summary judgment, arguing that its activities are

not regulated by the Act, and the district court granted the motion. The court held that since I.C. § 54–218(4) applied only to "natural persons," and not to corporations, that League Services could not be enjoined from furnishing such services. The Board then moved to amend or modify the judgment, on the grounds that it had also proceeded under I.C. § 54–218(3), which *does* apply to corporations, and that there were material issues of fact as to this claim. The district court denied the Board's motion. It is from these rulings that the Board appeals.

We hold that the district court properly ruled that the relevant provisions of I.C. § 54–218(4) do not apply to corporations such as League Services and that no material issues of fact exist as to the Board's claim that League Services violated I.C. § 54–218(3).

### I

I.C. § 54–218(4) provides:

(4) No person shall affix his name or any trade or assumed name used by him in his profession or business to any opinion or certificate attesting in any way to the reliability of any representation or estimate in regard to any person or organization embracing (1) financial information or (2) facts respecting compliance with conditions established by law or contract, including but not limited to statutes, ordinances, regulations, grants, loans and appropriations, together with any wording accompanying or contained in such opinion or certificate, which indicates (A) that he is an accountant or auditor or (B) that he has expert knowledge in accounting or auditing unless he is licensed as a certified public accountant or public accountant pursuant to this act; provided, however, that the provisions of this subsection shall not prohibit any officer, employee, partner or principal of any organization from affixing his signature to any statement or report in reference to the affairs of said organization with any wording designating the position, title, or office which he holds in

said organization, nor shall the provisions of this subsection prohibit any act of a public official or public employee in the performance of his duties as such.

The word "person" as used in the Act is clearly defined in I.C. § 54–206(8) as meaning "any natural living person." The Board, however, urges this Court to construe the statute to mean that the term "person" applies to corporations, organizations and associations. A well-settled rule of construction is that the words of a statute must be given their plain, usual and ordinary meaning, in the absence of any ambiguity. *Walker v. Hensley*, 107 Idaho 572, 691 P.2d 1187. Moreover, if a statute is unambiguous, it is our duty to follow the law as enacted. If the statute is unwise, the power to correct it resides with the legislature, not the judiciary. *Newlan v. State*, 96 Idaho 711, 535 P.2d 1348 (1975). Since the statute is clear and unambiguous, we will not usurp the legislative function by adopting the Board's proposed interpretation. The district court properly regarded the clear statutory language in ruling on League Service's motion for summary judgment.

### II

We must also reject the Board's claim that material issues of fact exist as to whether League Services violated I.C. § 54–218(3). I.C. § 54–218(3) provides:

(3) No person, partnership or corporation shall assume or use the title or designation "certified accountant" "chartered accountant," "enrolled accountant," "licensed accountant," "registered accountant," "accredited accountant," "accountant," "auditor" or other title or designation or any of the abbreviations "CA," "EA," "RA," or "LA," or similar abbreviations likely to be confused with "certified public accountant" or "public accountant"; provided, that the provisions of this subsection shall not prohibit any officer, employer, partner or principal of any organization from using the designations accountant or auditor in reference to any wording designating the

**160**

position, title or office which he holds in said organization nor shall the provisions of this subsection prohibit the use of the designations accountant or auditor by any public official or public employee in reference to his public position, title or office and provided that notwithstanding the provisions of this section, the board may promulgate regulations authorizing and limiting the use of specific titles and designations granted by recognized professional societies or associations.

Summary judgment is proper only where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). The record should be construed in a light most favorable to the non-moving party. *Ulery v. Routh,* 107 Idaho 797, 693 P.2d 443.

■ Although the Board's affiant attached to his affidavit auditing documents wherein Mr. Anderson signed on behalf of "League Services, Inc." in the space designated for the name of the individual or firm preparing the report or certifying its accuracy, this does not constitute a "holding out" by League Services, Inc. that the corporation itself is an accountant or an auditor. Thus, the auditing documents raise no issue of a violation of the prohibitions of I.C. § 54–218(3).

We therefore affirm the trial court as to its granting of League Service's motion for summary judgment and its denial of the Board's motion to amend or modify the judgment.

Costs to respondent. No attorney's fees.

DONALDSON, C.J., and BAKES and BISTLINE, JJ., concur.

SHEPARD, J., concurs in the result.