814 P.2d 23

**Billy Joe SMITH, Claimant–Appellant,**

**v.**

**O/P TRANSPORTATION, INC., Employer, Kayle Hobbs, Employer, Boise Truck Dispatch, Employer, and Employee Benefits Insurance Company, Surety, Defendants–Respondents.**

**No. 18521.**

Supreme Court of Idaho, Boise, February 1991 Term.

June 25, 1991.

Cosho, Humphrey, Greener & Welsh, Boise, for appellant. Robert W. Talboy (argued).

Quane, Smith, Howard & Hull, Boise, for respondents. Alan K. Hull (argued).

JOHNSON, Justice.

This is a workers' compensation case. The only issue presented is whether the Industrial Commission has subject matter jurisdiction to decide whether an insurance company is the workers' compensation surety of an employer. We hold that the Commission has this jurisdiction.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS.

Billy Joe Smith was hired by Boise Truck Dispatch, Inc. (Boise Truck) in July, 1983. Boise Truck was an agent in Idaho for O/P Transportation Ltd., Inc. (O/P Transportation) of Portland, Oregon. In August, 1983, Smith was injured while unloading a truck leased to O/P Transportation by Boise Truck. In ruling on Smith's application for workers' compensation benefits, the Commission decided:

1. Smith suffered a compensable injury;
2. Boise Truck was Smith's direct employer at the time of the injury;
3. O/P Transportation was Smith's statutory employer at the time of the injury;

4. Boise Truck and O/P Transportation were both liable to Smith for workers' compensation benefits;

5. Boise Truck was not insured for workers' compensation liability for Smith's injury.

The Commission retained jurisdiction of the case in order to resolve any issues not resolved in its decision.

In 1985, Smith amended his application, alleging the existence of a policy of workers' compensation insurance provided by Employee Benefits Insurance Company (EBI) for O/P Transportation. EBI had issued a policy of workers' compensation insurance covering the activities of O/P Transportation in Oregon. EBI asserted that it had canceled the policy prior to Smith's injury. Neither a notice of security specifying EBI as O/P Transportation's surety nor a notice of cancellation of the policy had been filed with the Commission in Idaho pursuant to I.C. § 72–311.

Both Smith and EBI sought to have the Commission determine whether EBI insured O/P Transportation for its workers' compensation liability to Smith. The Commission ruled that it had no subject matter jurisdiction to decide whether EBI is liable to Smith for workers' compensation benefits as the surety for O/P Transportation. The Commission dismissed Smith's amended application.

Smith appealed.

## II.

## THE COMMISSION HAS SUBJECT MATTER JURISDICTION TO DECIDE WHETHER EBI IS LIABLE TO SMITH.

In this appeal, both Smith and EBI assert that the Commission has subject matter jurisdiction to decide whether EBI is liable to Smith. We agree.

In declining to accept jurisdiction in this case, the Commission relied heavily on three of our prior decisions: *Thompson v. Liberty Nat'l Ins. Co.*, 78 Idaho 381, 304 P.2d 910 (1956); *Martin v. Robert W. Woods Lumber Co.*, 90 Idaho 105, 408 P.2d 474 (1965) (Martin I); and *Martin v. Argo-*

*naut Ins. Co.*, 90 Idaho 107, 408 P.2d 475 (1965) (Martin II). While these decisions appear to support the Commission's decision, the Commission did not have the advantage of our recent decision in *Brooks v. Standard Fire Ins. Co.*, 117 Idaho 1066, 793 P.2d 1238 (1990), when it made its ruling in this case.

In *Brooks*, this Court held that the Commission has jurisdiction to determine which of two sureties is responsible for a claimant's injury and to rule on the claim for reimbursement and contribution between the sureties. *Id.* at 1069, 793 P.2d at 1241. The Commission premised its decision on I.C. §§ 72–707, which provides:

**72–707. Commission has jurisdiction of disputes.** All questions arising under this law, if not settled by agreement or stipulation of the interested parties with the approval of the commission, except as otherwise herein provided, shall be determined by the commission.

I.C. § 72–707 was enacted as part of the recodification of our workers' compensation law in 1971. 1971 Idaho Sess.Laws, ch. 124, § 3, p. 476. It was, however, substantially identical to a provision that has existed in this state since the first workers' compensation act was enacted in 1917:

### General Powers of Board

Sec. 60. All questions arising under this Act, if not settled by agreement of the parties interested therein, with the approval of the [Industrial Accident] Board, shall, except as otherwise herein provided, be determined by the Board.

1917 Idaho Sess.Laws, ch. 81, § 60, p. 275.

In 1937, this provision was amended to read:

All questions arising under this Act, if not settled by agreement *or stipulation* of the parties interested therein, with the approval of the board, shall, except as otherwise herein provided, be determined by the board.

1937 Idaho Sess.Laws, ch. 175, § 3, p. 290 (amendment in italics). The statute was codified in this form as part of I.C.

§ 72–613 in 1947. Idaho Code, vol. 11, p. 390 (1947).

In 1956, this Court cited I.C. § 72–613 in deciding *Thompson v. Liberty Nat'l Ins. Co.:*

> The Industrial Accident Board's jurisdiction is created by statute. As between claimant in an industrial accident case, the employer and the surety, the Board has jurisdiction to determine the liability, if any, to claimant and enter an award against employer and the surety. Sec. 72–613, I.C.

78 Idaho at 384, 304 P.2d at 911.

In *Thompson*, the Court held that the board did not have jurisdiction to determine whether a surety insured the workers' compensation liability of the employer, where the employer had already paid the claimant the benefits awarded by the board:

> The controversy here is not one in which the injured work[er] is in anywise interested. The liability having been paid by the employer prior to the Industrial Accident Board hearing, the contract relationship of the employer and the surety was no longer a subject of controversy for the Board to determine.
>
> The liability, if any, of the surety was a matter based on a contract and under the facts here presented determinable only in a court of competent jurisdiction, not by the Industrial Accident Board. At the time of the hearing before the Industrial Accident Board on the controversy which existed between the respondents and appellant, the award having been paid, there was, in fact, nothing left for the Board to decide, and such liability of the surety, if any, may be determined in this proceeding pending in the district court.
>
> . . . .
>
> The proceeding before the Industrial Accident Board, after payment of all compensation to which the injured work[er] was entitled, was simply a matter of contribution between alleged joint obligors. The Board's jurisdiction does not extend to such matters. The present proceeding is one based on a contractual relation and under the facts presented is not a controversy for the Board to determine.

*Id.* at 384–85, 304 P.2d at 911–12.

Nine years later in *Martin I* the Court extended the ruling in *Thompson* to a case where no award had been made to the employee at the time the employer sought to have the board determine that a surety insured the employer's compensation liability to the employee:

> Thus the issue is clearly put for this court: Does the Industrial Accident Board have jurisdiction, once a claim is made to the Board by an employee seeking a work[ers'] compensation award, to decide a collateral issue of law of the existence or nonexistence of a contract of insurance between an employer and an insurance company, or an issue of estoppel of the surety to deny the existence of the insurance contract?
>
> This matter has been conclusively decided in *Thompson v. Liberty National Insurance Co.*, 78 Idaho 381, 384, 304 P.2d 910, 911 (1956). . . .
>
> Although the facts in that case indicate the injured employee had been paid the compensation award by his employer prior to the Board's determination of the surety's liability, the principles of law enunciated therein are applicable in the present case.

90 Idaho at 106–7, 408 P.2d at 475.

In *Martin II*, the Court held that the district court had jurisdiction to consider a declaratory judgment action brought by the employee and the employer against a surety to determine if the surety was liable for the compensation award to the employee. Repeating the holding in *Martin I*, the Court said:

> The Industrial Accident Board . . . was not a tribunal of competent jurisdiction to determine the sole issue between the parties—whether Argonaut was Woods' surety—and this court so held on appeal, stating that the district court was the *only* court with jurisdiction to determine the issue.

90 Idaho at 110, 408 P.2d at 477 (emphasis in original).

In *Heese v. A & T Trucking*, 102 Idaho 598, 635 P.2d 962 (1981) the Court referred to *Thompson* and *Martin II:*

> Finally, the employer contends that the Industrial Commission lacked subject matter jurisdiction to decide whether there existed a contract of insurance between A & T and Argonaut Insurance Company. The employer alleges that in two previous cases, [citing *Martin II* and *Thompson*], this Court held that the Industrial Accident Board did not have jurisdiction to determine disputes between the employer and its putative compensation carrier regarding the existence of coverage.... Here, the commission decided only whether, as between the injured employee and the employer, an additional award of compensation was to be made to the employee because "the employer fail[ed] to secure payment of compensation as required by this act." The commission's finding that A & T had failed to file its notice of security as required by I.C. § 72-311 was sufficient to justify the imposition of penalties required by I.C. § 72-210. The commission did not and did not need to resolve the ultimate question of coverage as between the employer and Argonaut Northwest Insurance Company. Therefore, the commission did not exceed its jurisdiction as in the *Martin* and *Thompson* cases.

*Id.* at 601, 635 P.2d at 965 (citations omitted).

Justice Bistline's opinion in *Heese,* concurring in the result in part, strongly urged the Court "to acknowledge authority in the Commission to determine the contract issue in the context of the present case." *Id.* at 602, 635 P.2d at 966 (Bistline, J., concurring specially). Justice Bistline cited I.C. § 72-707 and distinguished *Thompson* from the *Martin* cases on the ground that in *Thompson* the employer had paid the compensation benefits to the employee prior to proceeding before the Industrial Accident Board to determine the liability of the surety. *Id.* at 603, 635 P.2d at 967. Justice Bistline advocated that the *Martin* cases be overruled. *Id.* at 604, 635 P.2d at 968.

In his specially concurring opinion in *Brooks,* Justice Bistline adjured us specifically to overrule *Thompson* and *Martin I.* 117 Idaho at 1074–75, 793 P.2d at 1250–51.

In *Brooks,* there were two sureties, each of which insured the employer at different times. One of the sureties, Fireman's Fund, paid compensation benefits awarded to an employee of the employer. Fireman's Fund then applied to the Commission for a decision that the other surety, Aetna, was required to reimburse Fireman's Fund for some of the payments. Aetna challenged the Commission's subject matter jurisdiction to make this decision. The Commission concluded that it had jurisdiction, relying on I.C. § 72-707 and referring to § 72-313. I.C. § 72-313 provides:

> **72-313. Payment pending determination of policy coverage.** Whenever any claim is presented and the claimant's right to compensation is not in issue, but the issue of liability is raised as between an employer and a surety or between two (2) or more employers or sureties, the commission shall order payment of compensation to be made immediately by one or more of such employers or sureties. The commission may order any such employer or surety to deposit the amount of the award or to give such security thereof as may be deemed satisfactory. When the issue is finally resolved, an employer or surety held not liable shall be reimbursed for any such payments by the employer or surety held liable and any deposit or security so made shall be returned.

I.C. § 72-313 was enacted as part of the recodification of the workers' compensation law of this state in 1971. 1971 Idaho Sess. Laws, ch. 124, § 3, p. 422. No comparable statute appears to have existed in Idaho before 1971. This explains why the statute was not considered by the Court on the question of jurisdiction in *Thompson* or in the *Martin* cases.

In upholding the Commission's decision, we said:

> [T]he question of which of the two sureties is responsible for claimant's injury is

a "question arising under this law" as provided in I.C. § 72–707, and is a proper case to be determined by the Industrial Commission.

117 Idaho at 1069, 793 P.2d at 1241.

We understand that the question in *Brooks* arose under I.C. § 72–313. Although one of the sureties in *Brooks* paid benefits to the claimant thereby eliminating the need for the Commission to order payment to the claimant, the last sentence of I.C. § 72–313 grants to the Commission the authority to determine which of the sureties is ultimately liable and to require reimbursement to the other.

In the present case, we must determine whether the Commission was correct in ruling that it did not have subject matter jurisdiction to consider the question presented to it: whether EBI is the workers' compensation surety for O/P Transportation for the liability of O/P Transportation to Smith. This causes us to examine the workers' compensation law to see whether there is any portion of that law under which this question may be said to arise.

One of the alternative ways an employer may secure the payment of compensation under our workers' compensation law is "[b]y insuring and keeping insured with a policy of [workers'] compensation insurance...." I.C. § 72–301(1). An employee has the right to enforce the liability of the surety by filing a claim with the Commission against the surety. I.C. § 72–306. When the Commission has jurisdiction over an employer, the Commission also has jurisdiction over the employer's surety, and the surety is "bound by and subject to the orders, findings, decisions, or awards of the commission rendered against the employer for the payment of compensation." I.C. § 72–307. No policy of insurance issued against liability arising under our workers' compensation act for more than one hundred eighty days may be canceled or not renewed until after notice of cancellation has been filed with the Commission and served on the employer. I.C. § 72–311(2).

The basic form of I.C. § 72–311(2) first appeared in our workers' compensation law

in 1972. 1972 Idaho Sess.Laws, ch. 185, § 1, p. 472. It was amended in 1987 and 1988. 1987 Idaho Sess.Laws, ch. 278, § 16, p. 587; 1988 Idaho Sess.Laws, ch. 238, § 1, pp. 466–67. It did not exist when *Thompson* and the *Martin* cases were decided, and those cases are, therefore, not dispositive of the result here.

In the same sense that the question in *Brooks* arose under I.C. § 72–313, the question in this case arose under I.C. § 72–311(2). Questions arising under I.C. §§ 72–311(2) and 72–313 are within the subject matter jurisdiction of the Commission. *Thompson* and the two *Martin* cases upon which the Commission relied in ruling that it had no jurisdiction in this case are no longer governing. The Commission has subject matter jurisdiction over the question of whether EBI is the workers' compensation surety for O/P Transportation for the liability of O/P Transportation to Smith.

### III.

### CONCLUSION.

We reverse the decision and order of the Commission and remand this case to the Commission for further proceedings.

Because both parties sought this result, we award no costs on appeal.

BISTLINE and BOYLE, JJ., and SCHROEDER, J., Pro Tem. concur.

McKEE, Justice, Pro Tem., specially concurring:

I concur in the result of this case. I write separately to observe that its precedential effect should be analyzed with some caution. The majority opinion states the issue presented in general terms, which I fear might be construed too broadly.

The majority opinion states the issue presented to be whether the Commission has jurisdiction to decide whether EBI is liable to Smith. I believe "liability" to be the ultimate issue, encompassing a myriad of questions which are not before the Court in this appeal.

The only issue in this case is whether the Commission has subject matter jurisdiction to determine the threshold issue of the existence of coverage. This is all that the Commission considered in its decision below, and this is all that the parties alleged in the appeal to this Court. Stating the case more broadly blurs the focus on this issue, and might lead to mischief if misconstrued.

In deciding this case below, the Commission held that it was compelled to follow *Thompson* and the *Martin* cases. Under the rule of these cases, only the courts and not the Commission had jurisdiction to determine the threshold issue of existence of coverage. As is discussed in the majority opinion, the creation, continuation, and termination of coverage are no longer solely collateral issues of common contract law, as was the ruling in *Thompson* and the *Martin* cases. All of it is now governed by statutes, the interpretation of which are squarely "questions arising under this law" within I.C. § 72–707. Therefore, the threshold issues pertaining to existence of coverage should rest with the Commission under I.C. § 72–707, even where resolution may include ancillary matters of common contract law.

While this is the result of the majority decision, a broad reading of the rule stated, with the general reference to the ultimate liability of the surety rather than a focus on the threshold issue presented, might lead one to conclude the ruling to be that the Commission now has jurisdiction over every dispute involving a surety, since any dispute would ultimately relate to liability. However, the jurisdiction of the Commission is still limited by I.C. § 72–707 to "questions arising under this law." There may well arise true collateral disputes involving a surety, not connected to any interpretation of "this law," which should remain in district court.[1] It must be noted

that the able counsel who submitted this case were friendly on the precise issue presented, and that the margins of the Commissions' now expanded jurisdiction have not been tested through adversarial argument and analysis.

To precisely frame the issue presented and decided in this appeal, I would state the rule thus: the Industrial Commission has exclusive subject matter jurisdiction to hear and determine any issue concerning the existence of workers' compensation coverage for an employee of this state, including issues of common contract law. I concur that *Thompson* and the *Martin* cases, insofar as they are inconsistent with this holding, should be expressly overruled. But, I would make clear that the task of further defining the margins of the Commission's jurisdiction, as it may pertain to other issues which might arise in the determination of a surety's ultimate liability, is left for another day.

BISTLINE, Justice, concurring.

Concurring in what Justice Johnson has written, and not disagreeing with the views of Judge McKee, my purpose in writing separately is to raise a semantical question: Is our holding that *Thompson* and the two *Martin* cases, upon which the Commission relied in disclaiming jurisdiction in this *Smith* case, are no longer governing the equivalent of an unequivocal *overruling* of *Thompson* and the *Martin* cases, thus casting them into a well deserved and long overdue oblivion?

As a side note, there was not a *Martin I* and a *Martin II*.[2] The opinions in both of those cases were released simultaneously, on December 9, 1965. Neither case was a sequel to the other. In the case where the Industrial Accident Board ruled itself not possessed of jurisdiction, it relied solely on the *Thompson* case. In the companion

---

1. EBI's counsel suggests that if EBI is found liable to Smith, it may have a claim for indemnification against O/P Transportation for failing to disclose the Idaho employees. Whether such claim would be for the Commission under *Brooks* or remain with the courts under *Thompson* is clearly not before the Court in this case.

2. Had the Industrial Commission not followed this Court's poorly founded *Thompson* holding, there might have been no necessity for either of the two *Martin* cases, and for certain no occasion for the second one. *Thompson* was the real culprit. The district court's *res judicata* ruling was in strong second place.

case, the district court ruled that it lacked jurisdiction by declaring itself precluded on the basis that the Industrial Commission decision raised the bar of *res judicata.*

The Supreme Court properly ruled for Martin on the appeal in the latter *Martin* case, and the judgment of dismissal was reversed and the cause remanded to the district court for trial. Argonaut's tactics plus Commission error and district court error successfully kept the injured worker and his family impoverished for years, and all that time denied Richard Martin the corrective surgery which was desperately needed. For the reader who wants to learn of the gross deprivation of "sure and certain relief" which devastated the Martin family for not just months but years, one need only turn to *Heese*[3] and peruse the content of 102 Idaho at 605 n. 5, 635 P.2d at 969 n. 5. Further informative reading will be found in the analysis of the *Thompson* case at 102 Idaho at 603, 635 P.2d at 967.

---

**3.** On rereading *Heese* and indulging in retrospect, one wonders why and how it was that four members of this Court gave considerable attention to *Thompson* and the two *Martin* cases, but were, and remained completely unaware of the tendered invitation to overrule that trilogy which was contained in a comprehensive special concurrence.