408 P.2d 475

Richard MARTIN, R. W. Woods, Individually and dba Woods Lumber Company, Plaintiffs-Appellants,

v.

ARGONAUT INSURANCE COMPANY, Wilma McArthur, Individually, and dba Harrell Agency, Wilma McArthur, as Executrix of the estate of LeRoy McArthur, deceased, and St. Paul Fire and Marine Insurance Co., a foreign corporation, Defendants-Respondents.

No. 9502.

Supreme Court of Idaho.

Dec. 9, 1965.

Stephen Bistline, Sandpoint, for appellant Richard Martin, Bandelin & Cogswell, Sandpoint, for appellant R. W. Woods.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent Argonaut Ins. Co.

McQUADE, Chief Justice.

This is a companion case to Martin v. Woods and Argonaut Insurance Co., 90 Idaho 107, 408 P.2d 475 (1965), wherein a full statement of the facts is set out.

Richard Martin filed a claim for workmen's compensation with the Industrial Accident Board in May 1962. At an investigational hearing held by the Board, Woods, Martin's employer, alleged that Argonaut was his surety and liable for any award granted to Martin. Argonaut denied liability, claiming that the insurance policy had expired before Martin's accident occurred. Woods' claim was based on the allegation that he was assured by Argonaut's agent that the policy would be renewed automatically as it had been once before and that Argonaut was estopped from denying liability because it had failed to notify Woods that the policy would not be renewed and that the authority of the local agent had been terminated.

The Industrial Accident Board refused to decide the issue and held that it had "no jurisdiction over the negotiations and contractual relations between employers and their insurance carriers, or of disputes between them." Argonaut was dismissed as a party defendant and Woods was held liable, as an uninsured employer, to Martin. On appeal, this court affirmed the decision of the Board.

Prior to the Board's decision, which was filed on September 17, 1962, Martin and Woods instituted this declaratory judgment action in the district court against Argonaut to determine Woods' rights on the insurance contract as against Argonaut. The trial was held on January 2, 1964, and both sides presented their evidence. On March 16, 1964, at which time an appeal from the Board's decision was pending before this court, the trial judge ordered the action dismissed. The decree stated in part:

"* * * now, it appearing to the court that the matter was formerly decided by the Industrial Accident Board, which is now pending in the Supreme Court on appeal, this court does not have jurisdiction to entertain the cause * * *."

Appellants assert error to this judgment and contend the district court had juris-diction to decide the issue. They also argue that the Board never decided the question of Argonaut's liability because it declined to assume jurisdiction on that question.

Respondent Argonaut argues that the district court was correct in dismissing the action because another action was pending between the same parties, namely, the proceeding before the Industrial Accident Board and the appeal taken from the decision therein.

The Industrial Accident Board, however, was not a tribunal of competent jurisdiction to determine the sole issue between the parties—whether Argonaut was Woods' surety—and this court so held on appeal, stating that the district court was the *only* court with jurisdiction to determine the issue. Martin v. Woods & Argonaut Insurance Co., supra. In such circumstances there was not "another action" pending and the district court should have decided the case on its merits.

The judgment of the district court dismissing the action is reversed and the cause remanded for further proceedings.

Costs to appellants.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.