786 P.2d 1136

Wallace F. PETERSON,
Plaintiff–Appellant,

v.

The CITY OF POCATELLO, a municipal corporation, Norman Propst, in his capacity of the Chief of Police, Pocatello Police Department; Charles W. Moss, City Manager of the City of Pocatello; City of Pocatello Council Members, Dean Funk, L. Ed Brown, Edgar Malepeai, George Curtis, Donna Boe, John Evans and Earl Pond, Defendants–Respondents.

No. 17847.

Court of Appeals of Idaho.

Feb. 9, 1990.

Skinner, Fawcett & Mauk, Boise, for plaintiff-appellant. W. Craig James, argued.

Quane, Smith, Howard & Hull, Pocatello, for defendants-respondents. Douglas J. Balfour, argued.

WALTERS, Chief Judge.

In this appeal, Wallace Peterson challenges a summary judgment dismissing his claim for wrongful termination from the Pocatello Police Department. Peterson contends that the district judge erred in concluding that he had failed to exhaust his administrative remedies before filing his action in district court. For the reasons explained below, we affirm the judgment.

The essential facts are as follows. Peterson was employed as a police officer in the Pocatello Police Department (Department) from 1973 to 1985. In July, 1985, Peterson was involved in an altercation with his wife and her employer in the lounge at the Holiday Inn in Pocatello. Two patrons at the lounge later contacted the Department to complain about Peterson's behavior.

As a result of these complaints Norman Propst, chief of the Department, informed Peterson by letter that an investigation was being conducted into Peterson's alleged acts of misconduct at the Holiday Inn. The letter also informed Peterson that, pursuant to Civil Service Rules and Regulations (Regulations) adopted by the Department, Peterson's actions could result in sanctions ranging from a reprimand to dismissal. The letter further notified Peterson that a hearing on this matter would be conducted before Propst and the Board of Police Supervisors on July 24, 1985. Peterson was instructed that, at the hearing, he would be permitted to refute the charges against him—both orally and in writing—and that he could be represented by counsel.

Peterson attended the hearing, accompanied by counsel, and submitted his personal affidavit explaining the reasons for his behavior. In a letter dated July 25, 1985, Propst notified Peterson that, as a result of the hearing, his employment with the Department would be terminated on August 2, 1985, unless Peterson submitted a resignation prior to that time. On the same day, the Pocatello Civil Service Commission (Commission) convened and "certified" the findings of the Board of Police Supervisors regarding Peterson's termination. Peterson resigned from the Department effective August 1, 1985.

Peterson subsequently filed the present action against the City of Pocatello, Propst, and various city officers (collectively re-

ferred to as the City), alleging that he had been wrongfully terminated by the Department. In his complaint, Peterson alleged that his termination: (1) was in violation of his due process rights, giving rise to a civil rights claim pursuant to 42 U.S.C. § 1983; (2) resulted in a breach of his employment contract with the City; (3) was in violation of public policy; (4) violated an implied covenant of good faith and fair dealing; (5) amounted to intentional and outrageous conduct by the defendants; and (6) constituted tortious interference with his employment contract. The City countered by filing a motion for summary judgment which was denied, in part, by the district court. However, the City subsequently filed the motion for summary judgment at issue here, alleging that Peterson had failed to exhaust all of his administrative remedies before filing his action in district court. In a memorandum decision and order, the district judge agreed with the City.[1] This appeal by Peterson followed.

In his appeal Peterson contends, among other things, that the district court erred in concluding that his claims were barred by a failure to exhaust available administrative remedies. Specifically, Peterson argues that once the Commission "certified" the findings of the Board of Police Supervisors, his termination was final. As a result, Peterson submits that he was not obligated to pursue an administrative review of the Commission's certification as contemplated in the City's Regulations. Peterson contends that doing so would have been a futile act since the Commission had already agreed with the Department's termination decision. *See Houghton v. Shafer*, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968).

■ In Idaho, as in most jurisdictions, when an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy must

be exhausted before the courts will review the dispute. *Pounds v. Denison*, 115 Idaho 381, 383, 766 P.2d 1262, 1264 (Ct.App. 1988); K. DAVIS, ADMINISTRATIVE LAW TEXT §§ 20.01 to 20.10 (3rd ed. 1972); 2 AM.JUR.2d, *Administrative Law*, § 595 (1962) (hereinafter *Administrative Law*). The purpose for this rule in the context of agency personnel matters is simple: it provides the administrative body with the opportunity to mitigate or cure personnel grievances without judicial intervention. *Pounds v. Denison*, 115 Idaho at 384, 766 P.2d at 1265. However, this doctrine is not absolute; under unusual circumstances a court may circumvent this rule, but only where the interests of justice so require or where the agency acts outside its authority. *Grever v. Idaho Telephone Co.*, 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972); *see, Administrative Law* §§ 603–605. Illustrative of the circumstances which require an exception to the exhaustion doctrine include: (1) where resort to administrative procedures would be futile; (2) where the aggrieved party is challenging the constitutionality of the agency's actions or of the agency itself; or (3) where the aggrieved party has no notice of the initial administrative decision or no opportunity to exercise the administrative review procedures. *McConnell v. City of Seattle*, 44 Wash.App. 316, 722 P.2d 121, 124 (1986). Determining whether the exceptions should apply is a question of law on which we will exercise free review. *See Estate of Friedman v. Pierce Co.*, 51 Wash.App. 176, 752 P.2d 936, 938 (1988).

■ Based upon the record in this case, we conclude that Peterson was not excused from exhausting his administrative remedies before filing his action in district court. We note that the City's Regulations are patterned closely after Chapter 16, Title 50 of the Idaho Code dealing with civil service commission employees.[2] Section

---

1. The district court denied the City's motion with regard to allegations against defendant Propst. However, Peterson subsequently dismissed his claims against Propst.

2. The termination procedure followed by the Commission's Regulations approximates the provisions outlined in I.C. § 50–1609: The statute provides as follows:

4(D) of Rule XIII of the City's Regulations provides that once a termination decision is reached by the Board of Police Supervisors and "certified" by the Civil Service Commission, the accused officer has an opportunity to seek an independent investigation by the Commission. During this investigation, the Commission has the authority to conduct a full evidentiary hearing, including the power to subpoena witnesses, to compel the attendance of city employees, to gather physical evidence and records, and to examine all evidence and witnesses presented. Based upon the wording of the Regulations, the Commission's investigation is an integral part of the administrative review process; it constitutes a separate evidentiary hearing upon which the Commission may or may not decide to terminate a police officer. *See Dexter v. Idaho Falls City Police Dept.,* 113 Idaho 179, 181, 742 P.2d 434, 436 (Ct.App.1987).

Consequently, we disagree with Peterson's claim that taking advantage of this hearing opportunity would be nothing more than a futile act. To the contrary, the Commission's findings and conclusions dealing with a termination decision are binding upon the Police Department. If the Commission decides, after its own investigation, that an officer's conduct does not warrant termination, it may re-instate the officer or mandate some form of discipline short of termination. In this light, the Commission's hearing is an important administrative safeguard for reviewing personnel grievances before resorting to judicial review. *See Pounds v. Denison, supra.*

■ We also fail to see the language of Regulation 4(D) as limiting Peterson's opportunity to fully present his case before the Commission. Although the Regulation states that the Commission's investigation is "confined to the determination of whether the officer was dismissed for political or religious reasons or in good faith and for cause," the phrases "good faith" and "for cause" ensure that the Commission's investigation will reach the merits of a termination challenge. We believe that such language encompasses the full range of issues raised by Peterson in his complaint filed in district court. It is essential in an employment termination proceeding for the employee to be given full opportunity to test and refute the claims against him in order to satisfy due process requirements. *See Nelson v. Boundary County,* 109 Ida-

---

All persons in the classified civil service shall be subject to suspension from office or employment by the head of the department for misconduct, incompetency or failure to properly observe the rules of the department. Upon suspension by the head of the department or accusation by the appointing power, any citizen or taxpayer, a written statement of such suspension or accusation, in general terms, shall be served upon the accused and a duplicate filed with the commission; provided, the head of the department may suspend a member pending the confirmation of the suspension by the appointing power, which confirmation must be within three (3) days. The finding of the civil service commission upon the said charges shall be certified to the head of the department and shall forthwith be enforced and followed by him. The aggrieved party shall, however, have the right within ten (10) days from the time of his removal, suspension, demotion or discharge as the case may be, to file with the commission a written demand for an investigation. In conducting such investigation, the commission shall be confined to the determination of the question as to whether such removal, suspension, demotion or discharge was made for political or religious reasons, or was made in good faith and for cause. All investigations made by the commission pursuant to the provisions of this section shall be by public hearing after reasonable notice to the accused of the time and place of such hearing. At such hearing the accused shall be afforded an opportunity of appearing in person or by counsel and presenting his defense. If such judgment or order be upheld by a majority of the commission, the accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the county wherein he resides. The court of original and unlimited jurisdiction in civil suits shall thereupon proceed to hear and determine such appeal in a summary manner; provided, however, that such hearing shall be confined to the determination as to whether the judgment or order of removal, discharge, demotion or suspension by the commission, was made in good faith and for cause, and no appeal to such court shall be taken except upon such ground or grounds.

ho 205, 210, 706 P.2d 94, 99 (Ct.App.1985). Under the circumstances presented here, we conclude that the Regulations afforded Peterson the procedural protection to which he was entitled.

In summary, we hold that Peterson failed to exhaust his administrative remedies under the City's Civil Service Regulations dealing with termination of City police officers. Although Peterson has raised other arguments on appeal, our decision today makes it unnecessary to address those issues. The judgment is affirmed.

Costs to respondents. No attorney fees on appeal.

BURNETT, J., and WESTON, J. Pro Tem., concur.