22 P.3d 1028

**SELKIRK SEED COMPANY and Selkirk Company, Idaho corporations, Plaintiffs–Counterdefendants–Appellants,**

v.

**STATE INSURANCE FUND, Defendant–Counterclaimant–Respondent.**

No. 25361.

Supreme Court of Idaho,
Coeur d'Alene, October 2000 Term.

Dec. 29, 2000.

Rehearing Denied March 13, 2001.

**650**

Starr Kelso Law Office, Chtd., Coeur d'Alene, for appellants. Star Kelso argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Patrick Mahoney, Deputy Attorney General, argued.

TROUT, Chief Justice.

Selkirk Seed Company and Selkirk Trucking appeal from the district judge's dismissal of their claims of negligent adjustment and intentional bad faith against Idaho State Insurance Fund ("SIF") for failure to state a claim upon which relief could be granted pursuant to I.R.C.P. 12(b)(6).

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1989, Selkirk Seed Company ("Selkirk Seed") purchased a policy of worker's compensation insurance from SIF. Selkirk Trucking was established in 1993 and acquired its worker's compensation coverage from a private insurance carrier, Industrial Indemnity. In 1996 Selkirk Seed brought suit against SIF alleging negligent adjustment, breach of contract and intentional bad faith in the handling of a worker's compensation claim made by Anthony J. LaMarsh ("LaMarsh"), an employee of Selkirk Seed who suffered an industrial accident in 1993.

Selkirk Seed alleges LaMarsh has continued to receive worker's compensation benefits from SIF with little or no objective medical evidence to support the majority of payments made. Selkirk Seed further contends SIF's failure to reasonably investigate and take reasonable action to bring LaMarsh's claim to a conclusion caused excess benefits to be paid and in turn adversely affected Selkirk Seed's modification factor and consequently raised their premiums for worker's compensation insurance. In addition, Selkirk Seed alleges SIF inappropriately canceled their insurance policy and refused to reinstate the policy because of excessive losses, which Selkirk Seed claims were caused by SIF's improper adjustment of the worker's compensation claim of LaMarsh. Selkirk Seed alleges Selkirk Trucking was also negatively impacted because SIF's cancellation of Selkirk Seed's policy and alleged excessive losses resulted in Industrial Indemnity raising Selkirk Trucking's premium.

In June 1996, SIF filed a Motion to Dismiss, alleging the case was not ripe because of the pendency of LaMarsh's third-party worker's compensation claim against Selkirk Seed before the Idaho Industrial Commission and the district court lacked jurisdiction over the claim. This motion was denied.

In December 1998, after a series of motions and hearings regarding discovery, SIF filed a 12(b)(6) Motion to Dismiss on both the intentional bad faith and negligent adjustment claims. The district court granted SIF's 12(b)(6) motion, finding that the allegations contained in Selkirk Seed's complaint, even if proved, would not entitle it to recover under Idaho law on either of the tort claims, leaving only the claim for breach of contract. A Rule 54(b) certificate was issued and this appeal followed.

## II.

## STANDARD OF REVIEW

 When this Court reviews an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6), the non-moving party is entitled to have all inferences from the record reviewed in its favor. *See Kelso & Irwin, P.A. v. State Ins. Fund*, 134 Idaho

130, 997 P.2d 591 (2000); *Miles v. Idaho Power Co.*, 116 Idaho 635, 637, 778 P.2d 757, 759 (1989). *After drawing all inferences in the non-moving party's favor, this Court then asks whether a claim for relief has been stated. See id.* We do not consider whether the non-moving party will ultimately succeed in its claim, but whether it is "entitled to offer evidence to support the claims." *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974)).

### III.

### DISCUSSION

**A. Jurisdiction.**

■ SIF argues the Industrial Commission has exclusive jurisdiction over this case and the district court erred in finding it had subject matter jurisdiction over the claims. Idaho Code § 72–707 provides that "[a]ll questions arising under [worker's compensation] law ... shall be determined by the commission." In addition, in *Van Tine v. Idaho State Insurance Fund*, 126 Idaho 688, 889 P.2d 717 (1994) we granted exclusive jurisdiction to the Commission "if there is any provision under the workers compensation law under which the alleged claim could be said to arise." *Walters v. Industrial Indemnity Co. of Idaho*, 127 Idaho 933, 935, 908 P.2d 1240, 1242 (1996); *Van Tine*, 126 Idaho at 689, 889 P.2d at 718. However, in denying SIF's Motion to Dismiss, the district court found that since this case involved the employer's own claim, rather than that of a third-party worker, the district court had jurisdiction over the tort and contract claims. *See, e.g., Thompson v. Liberty National Ins., Co.*, 78 Idaho 381, 304 P.2d 910 (1956); *Martin v. Argonaut Ins. Co.*, 90 Idaho 107, 408 P.2d 475 (1965). We agree with the district court's determination. The *Van Tine* test applies to cases where an injured employee is attempting to sue his or her employer's surety for claims resulting from the surety's handling of the case, and not to claims against a surety directly by the employer. Although *Van Tine* broadly states that the Commission has exclusive jurisdiction of "[a]ll questions

arising under" the worker's compensation laws, subsequent cases have narrowed the determination to whether a district court has jurisdiction over a complaint filed by a *worker's compensation claimant* against an employer or an employer's surety. *Walters*, 127 Idaho at 935, 908 P.2d at 1242. In addition, this Court has previously found that allegations of separate torts, "wholly distinct" from Idaho's worker's compensation statutory scheme,.may give rise to jurisdiction of Idaho state courts outside the exclusive jurisdiction of the Idaho Industrial Commission. *See, Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 285, 900 P.2d 191, 193 (1995). For example, in both *Thompson* and *Martin*, this Court found jurisdiction in the district court in actions between an employer and insurer. *Thompson* involved a claim by an employer against its worker's compensation surety to recover payments to an employee. *Thompson*, 78 Idaho at 383, 304 P.2d at 911. The district court was found to have jurisdiction over the claims where the injured worker was not an interested party, and the liability of the surety was a "matter based on contract determinable only in a court of competent jurisdiction, not by the Industrial Accident Board." *Id.* Similarly, in *Martin v. Argonaut Ins. Co.*, 90 Idaho 107, 408 P.2d 475 (1965) this Court held the district court had jurisdiction over an action by an employer and worker's compensation claimant against the industrial insurer to determine whether a surety relationship existed. *Id.* at 110, 408 P.2d at 477.

In this case, the injured worker is not an interested party, the controversy between the insurer and the insured employer are not an issue pending before the Commission, and the liability of the insurer arises out of the performance of an insurance contract. Therefore, although I.C. § 72–316 and *Van Tine* broadly speak of exclusive jurisdiction in the Commission, in this case, where the dispute is between the employer and SIF and involves a contract dispute in addition to tort allegations arising from the contract, the district court had jurisdiction.

**B. Intentional Bad Faith and Negligence.**

■ Selkirk Seed brought three claims against SIF; 1) "negligent adjustment", 2)

breach of contract, and 3) the "tort of bad faith" in the handling of LaMarsh's worker's compensation claims. The claims for negligent adjustment and bad faith were dismissed by the district court, leaving only a claim for breach of contract. Under Idaho law, it is well settled that failure to perform a contractual duty is not an actionable tort. *Carroll v. United Steelworkers of America,* 107 Idaho 717, 719, 692 P.2d 361, 363 (1984); *Steiner Corp. v. American Dist. Tel.,* 106 Idaho 787, 790, 683 P.2d 435, 438 (1984). However, this Court has recognized there may be liability in tort, distinct from an action on the contract, where an insurer, in bad faith, "intentionally and unreasonably denies or delays payment." *White v. Unigard Mut. Ins. Co.,* 112 Idaho 94, 98, 730 P.2d 1014, 1018–19. In addition, we have extended that exception to allow an action in tort against an insurer that negligently fails to make timely settlement of an insurance claim. *Reynolds v. American Hardware Mut. Ins.,* 115 Idaho 362, 365, 766 P.2d 1243, 1246. Selkirk Seed asks us to extend these exceptions to include not only intentional bad faith and negligence claims where the insurer denies or delays payment or settlement, but also where the insurer makes timely settlement, adjustment, and investigation but allegedly unreasonably resolves and overpays the claim.

### 1. The tort of intentional bad faith.

■ This Court first defined the tort of bad faith in the insurance context in *White v. Unigard Mut. Ins. Co.,* 112 Idaho 94, 730 P.2d 1014 (1986). In *White,* we explained that "insurance companies have a duty to act in good faith with their insureds, and that *this duty exists independent of the insurance contract and independent of statute."* *White,* 112 Idaho at 96, 730 P.2d at 1016 (quoting *Lipinski v. Title Ins. Co.,* 202 Mont. 1, 655 P.2d 970, 977 (1983)(emphasis added in *White* )). "Such a duty is beyond that which the policy imposes by itself-the duty to defend, settle, and pay—but is a duty imposed by law on an insurer to act fairly and in good faith in discharging its contractual responsibilities." *Id.* This duty arises in the context of third party situations, where an action is brought as a result of the insurer's failure to settle the claims of third parties within the policy limits of the insured, and in first party actions, where the insured is personally filing a claim for benefits against the insurer under the policy. *Id.*

■ Selkirk Seed argues the duty of good faith and fair dealing owed by the insurer to the insured, as found by this Court in *White,* is the basis for a claim for improper adjustment and overpayment against SIF. However, as stated in *White,* "[t]he question before this Court is not whether a duty of 'good faith' exists, but rather whether a breach of this duty will give rise to an independent action in tort." *Id.* at 97, 730 P.2d at 1017. *White* and its progeny specifically provide that an independent action in tort arises only where the insured can show that the insurer intentionally and unreasonably denied or withheld payment and as a result of the insurer's conduct the plaintiff was harmed in a way not fully compensable by contract damages. *Robinson v. State Farm Mutual Auto. Ins.,* —— Idaho ——, —— P.3d ——, 2000 WL 1877745 (2000).

Selkirk Seed's claim does not state these elements. Selkirk Seed does not argue SIF unreasonably delayed or denied payment; rather, it asserts SIF's bad faith actions in the adjustment, investigation, and settlement of the LaMarsh claim resulted in overpayment. As a result of the overpayment, Selkirk Seed asserts its experience modification factor increased, causing their premiums to rise and as a result their business suffered. This Court specifically rejected a similar claim in *Simper v. Farm Bureau Mut. Ins. Co. of Idaho,* 132 Idaho 471, 974 P.2d 1100 (1999). In *Simper,* the claimant alleged Farm Bureau acted in bad faith when it increased her premium upon policy renewal without first determining whether it would recover its subrogated interest. *Simper,* 132 Idaho at 474, 974 P.2d at 1103. This Court found that "[i]n raising Simper's insurance premium before it had determined whether it would recover its subrogated interest, Farm Bureau in no way 'intentionally and unreasonably denied or withheld payment'"; therefore, the facts of the case were found to be insufficient to constitute a cause of action in insurance bad faith. *Id.* at 474–75, 974

P.2d at 1103–04. Selkirk Seed argues that unlike *Simper*, it is not alleging bad faith in the calculation of the premium but that bad faith occurred in the adjustment, investigation and settlement of the claim, resulting in an increase in their premiums. However, this is a distinction without a difference. "The ultimate question to be answered in any bad faith claim is whether the insurer 'intentionally and unreasonably denie[d] or delay[ed] payment' on a claim." *Inland Group v. Providence Wash. Ins.*, 133 Idaho 249, 256, 985 P.2d 674, 681 (1999). Because the cause of action in this case, like *Simper*, fails to assert denial or delay in payment, Selkirk Seed's bad faith claim must fail.

The tort of bad faith was recognized by this Court to compensate insureds for intentional and unreasonable delay or denial in payment of claims and to provide incentive for insurers to settle valid claims. *White*, 112 Idaho at 96–98, 730 P.2d at 1017–18. Extending this cause of action where the insurer investigates and settles the claim in a timely fashion places the insurer in the untenable position of being subject to claims of employee underpayment in front of the Idaho Industrial Commission while simultaneously subjecting them to tort claims for overpayment in the Idaho state courts. This negates any incentive to settle a claim expeditiously. Instead insurers will leave payment decision to the courts to avoid such suits. The policy and precedents of this Court do not support an expansion of the tort of bad faith to include unreasonable adjustment and overpayment. A claim for bad faith is limited to an insurer intentionally and unreasonably delaying or denying claims. Selkirk Seed has not asserted such actions; therefore, 12(b)(6) dismissal for failure to state a claim upon which relief can be granted is proper.

### 2. *Tort of negligent adjustment*

 Selkirk Seed additionally asserts a claim for "negligent adjustment." In *Reynolds v. American Hardware Mut. Ins. Co.*, 115 Idaho 362, 766 P.2d 1243, this Court extended the *White v. Unigard* holding to "cover negligent, as well as intentional denials or delays of payment of insurance claims." *Id.* at 365, 766 P.2d at 1247. *Reyn-*

*olds* sets forth the basic requirements for a tort cause of action in negligence: "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Id.* at 365–66, 766 P.2d at 1246–47.

Selkirk Seed argues that separate and apart from the insurance contract, there is a duty that arises by operation of law from the insurer's obligation to act in good faith during the settlement process. Selkirk Seed asserts SIF breached this duty by negligently adjusting and overpaying on LaMarsh's claim. The duty, Selkirk Seed asserts, arises from this Court's decisions in *White, Reynolds* and *Inland* recognizing the broad duty insurers have to act in good faith with their insureds. However, just as in a claim for intentional bad faith, the question in a negligence action is not whether the duty of good faith exists—this has been clearly established—but to what extent the breach of that duty will support a separate action in tort. *See, White*, 112 Idaho at 97, 730 P.2d at 1017. In *Reynolds*, this Court specifically limited the cause of action in negligence to cases where an insurer negligently denies or delays payment of an insurance claim. *See Reynolds*, 115 Idaho at 365, 766 P.2d at 1246. *See also, Inland Group v. Providence Wash. Ins.*, 133 Idaho 249, 985 P.2d 674. Selkirk Seed's claims do not allege denial or delay of payment and therefore do not state a claim for negligence under Idaho law.

Although this Court has recognized the possibility of a negligence cause of action outside the narrow exception of *Reynolds* in *Featherston v. Allstate Ins. Co.*, 125 Idaho 840, 875 P.2d 937 (1994), *Featherston* is distinguishable from the case at hand. In *Featherston*, the insured sued Allstate to recover for injuries suffered in an accident in which an underinsured motorist injured a member of his family. The Court in *Featherston*, relying on *White*, recognized the special relationship between the insurer and insured that gives rise to a duty of good faith. However, the claim in *Featherston*, unlike the claim presented here, did not arise from

a "breach of a duty imposed as a consequence of the relationship established by contract." *White*, 112 Idaho at 97, 730 P.2d at 1017 (emphasis and citations omitted). Featherston's claim was based on a request for comparable coverage when changing insurance, raising the question of whether the agent voluntarily undertook a duty to provide underinsured motorist coverage. This Court recognized that "it is possible to create a duty where one previously did not exist. If one voluntarily undertakes to perform an act, having no prior duty to do so, the duty arises to perform the act in a non-negligent manner." *Featherston*, 125 Idaho at 843, 875 P.2d at 940. We allowed the cause of action to continue, not because of a breach of the duty imposed by the eventual insurance contract between the parties, but because a genuine issue of material fact existed as to whether Allstate voluntarily undertook a duty to provide underinsured motorist coverage. As Justice Silak noted in her concurrence and dissent in *Simper*, *Featherston* "did not present an assertion of tortious conduct in connection with the settling and payment of a claim but rather whether the terms of a policy had been tortiously omitted to the detriment of the policyholder." *Simper*, 132 Idaho at 475, 974 P.2d at 1104. Therefore, this Court's holding in *Featherston* does not change the narrow circumstances under which a claim for breach of a duty imposed as a consequence of the parties' contractual relationship can be brought.

### C. Selkirk Trucking

■ Based on the above discussion, Selkirk Trucking has also failed to state a tort claim for both intentional bad faith and negligent adjustment. Selkirk Trucking's damages are said to have occurred when Selkirk Seed's SIF policy was cancelled and the two companies applied for a new policy and found their rates were increased. To recognize a claim for Selkirk Trucking would require an even broader reading of the tort claims of intentional bad faith and negligence in the payment of insurance claims. Selkirk Trucking was not a party to the insurance contract; therefore, no duty was owed to them by SIF. Furthermore, this Court has held that third-parties cannot maintain a bad faith cause of action against another's insurer. *See Hettwer v. Farmers Ins. Co.*, 118 Idaho 373, 797 P.2d 81 (1990). Selkirk Trucking's claims were properly dismissed.

### IV.

### CONCLUSION

In Idaho, an action in tort against an insurer, independent from breach of contract, has been carefully limited to intentional or negligent denial or delay of the payment of insurance claims. Selkirk Seed and Selkirk Trucking allege SIF timely investigated, adjusted and settled the LaMarsh claim but that SIF's negligent and intentional actions resulted in overpayment of the claim. These assertions fail to state a claim for negligence or bad faith under Idaho law; therefore, the 12(b)(6) dismissal is affirmed. Selkirk's remedy, if any, rests solely in contract. We award costs on appeal to SIF.

Justices SILAK, WALTERS and KIDWELL concur.

Justice SCHROEDER concurs in all but part III B1, in which he concurs in result.