106 P.3d 455 (2005)
141 Idaho 129
Larry G. OWSLEY, a single person; and Richard L. Nelson, Jr., a single person, Plaintiffs-Appellant, and
Dan G. Daniels, a single person, Plaintiff,
v.
IDAHO INDUSTRIAL COMMISSION; and James F. Kile, R.D. Maynard, and Thomas Limbaugh, individually, and in their capacities as members of the Idaho Industrial Commission; and Industrial Special Indemnity Fund; and Lonna Gray, individually, and in her capacity as manager of the Industrial Special Indemnity Fund, Defendants-Respondents.
No. 30193.
Supreme Court of Idaho, Coeur d'Alene, October 2004 Term.
January 31, 2005.
*458 Elsaesser, Jarzabek, Anderson, Marks, Elliot & McHugh, Sandpoint, for appellants. Joseph E. Jarzabek argued.
Mallea Law Offices, Meridian, for respondents Industrial Special Indemnity Fund. Kenneth L. Mallea argued.
Hon. Lawrence G. Wasden, Attorney General, Boise, for respondents Industrial Commission. Blair D. Jaynes argued.
*456 BURDICK, Justice.
This case involves a suit brought in district court by three injured workers against the Idaho Industrial Commission (Commission) and the Industrial Special Indemnity Fund (ISIF), alleging bias, prejudgment, and due process violations in the adjudication of their claims. The case comes to this Court on appeal from the district court's dismissal. We reverse in part and affirm in part.

I. FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff/Appellants Larry Owsley, Dan Daniels, and Richard Nelson Jr. (Claimants) suffered injuries and filed claims against the ISIF to be resolved by the Commission. The same attorney represented all three Claimants.
After investigating the claims and sending officials to interview the Claimants, the ISIF entered into lump sum settlement agreements (LSSA) with each of them. Pursuant to statute, the settlement agreements were submitted to the Commission for its approval. I.C. § 72-404. All three settlement agreements were denied. The Claimants and the ISIF contend that in the 25-year period for which there are computerized records, the Commission had never before rejected a settlement agreement.
The ISIF first learned of the Commission's decision by telephone, when a representative of the Commission contacted them. The Commission's representative informed the ISIF that the settlement agreements had been denied because the Commission had concluded the ISIF had no liability to the Claimants. The Claimants were similarly contacted by telephone, although for them, the calls from the Commission went to the office of their shared counsel. According to the Claimants' complaint, their counsel (or counsel's staff) was told by a Commission representative the Commission had rejected the settlement agreements because the ISIF had no liability to the Claimants, and should not pay the Claimants anything.
The Claimants filed suit against the Commission and the ISIF in district court, asserting that in announcing the ISIF was without liability the Commission had prejudged their claims "on the merits" without permitting an opportunity to be heard or present evidence, and thereby violated their right to due process. The complaint requested the district court (1) find Judicial Rule of Practice and Procedure Under Idaho Worker's Compensation Law XVIII unconstitutional, (2) enjoin the Commission from taking any further action with respect to the Claimant's claims, (3) award damages and fees, (4) devise an alternative process for adjudicating their claims that would exclude the Commission, or (5) approve the settlement agreements between the ISIF and the Claimants.
The district court granted a motion for a protective order requested by the Commission, and halted all discovery. The district court next granted the Commission's motion to dismiss the Claimants' action under *459 I.R.C.P. 12(b). Although the Commission's motion referenced I.R.C.P. 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6), in granting the motion the district court noted only jurisdictional issues, which come under 12(b)(1). Specifically, the district court "dismissed [the action] without prejudice under I.R.C.P. 12(b) for lack of jurisdiction over the subject matter; and failure to exhaust administrative remedies." In keeping with a ruling on a 12(b) motion, the district court did not consider material outside of the Claimant's amended complaint and construed the facts as alleged in favor of the Claimants.
The Claimants filed a timely appeal of the district court's dismissal. After the appeal was filed, the Commission approved the LSSA between the ISIF and Plaintiff/Appellant Daniels. The settlement agreements pertaining to Owsley and Nelson have not been approved, and their appeal from the district court's dismissal is presently before the Court.

II. STANDARD OF REVIEW
Whether a dismissal for lack of jurisdiction pursuant to I.R.C.P. 12(b) was properly granted is a question of law over which this Court exercises free review. See Meisner v. Potlatch Corp., 131 Idaho 258, 260, 954 P.2d 676, 678 (1998). Constitutional issues are also purely questions of law over which this Court exercises free review. Id.
On a motion to dismiss, the court looks only at the pleadings, and all inferences are viewed in favor of the non-moving party. Young v. City of Ketchum, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002) (regarding 12(b)(6) motions); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.1990) (regarding 12(b)(1) motions raising facial challenges to jurisdiction[1]). "[T]he question then is whether the non-movant has alleged sufficient facts in support of his claim which, if true, would entitle him to relief." Rincover v. State, 128 Idaho 653, 656, 917 P.2d 1293, 1296 (1996) (regarding 12(b)(6) motions); Serv. Emp. Intern. v. Idaho Dept. of H. & W., 106 Idaho 756, 758, 683 P.2d 404, 406 (1984) (regarding 12(b) challenges generally); Osborn, 918 F.2d at 729 n. 6 (regarding 12(b)(1) facial challenges). "[E]very reasonable intendment will be made to sustain a complaint against a motion to dismiss for failure to state a claim." Idaho Comm'n on Human Rights v. Campbell, 95 Idaho 215, 217, 506 P.2d 112, 114 (1973). "The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims." Young, 137 Idaho at 104, 44 P.3d at 1159.

III. ANALYSIS
The order of the district court dismissing the Claimants' action named two grounds under I.R.C.P. 12(b) for doing so: (1) "lack of jurisdiction over the subject matter" and (2) "failure to exhaust administrative remedies." The first issue, subject matter jurisdiction, is covered by 12(b)(1). When the district court found itself to lack "subject matter jurisdiction" it was reasoning that "the approval or nonapproval of a lump sum agreement, is committed by statute to the jurisdiction of the Industrial Commission and not this [district] court." The second issue, failure to exhaust administrative remedies, was based on the Claimants having gone to district court without completing the remaining steps of the Industrial Commission's administrative process. Failure to exhaust administrative remedies is a subset of errors of "subject matter jurisdiction," and can also be brought under a 12(b)(1) motion. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2004) (stating that a "Rule 12(b)(1) motion to dismiss for a lack of subject matter jurisdiction also may be appropriate when the plaintiff has failed to exhaust administrative *460 procedures that have been established ... as a prerequisite to his bringing suit."). Nonetheless, for ease of analysis the two issues will be treated separately here.

A. The Commission's Jurisdiction
The first grounds for dismissal of the Claimants' action given by the district court was that it lacked subject matter jurisdiction. The Commission is granted by statute jurisdiction over "[a]ll questions arising under" Idaho's workers' compensation laws. I.C. § 72-707; Van Tine v. Idaho State Ins. Fund, 126 Idaho 688, 689, 889 P.2d 717, 718 (1994) (Van Tine I).
Idaho case law, however, has clarified that the Commissions' actual mandate is more narrowly restricted to adjudicating certain "complaint[s] filed by a worker's compensation claimant against an employer or an employer's surety." Selkirk Seed Co. v. State Ins. Fund, 135 Idaho 649, 651, 22 P.3d 1028, 1030 (2000) (italics present in the original). In Selkirk Seed Co., an employer sued the Idaho State Insurance Fund alleging various torts and breach of contract. Id. at 650-51, 22 P.3d at 1029-30. The State Insurance Fund moved to dismiss the action, arguing that the Commission had exclusive jurisdiction over the matter. Id. The district court declined to dismiss the action, finding that it, rather than the Commission, had jurisdiction to hear a suit filed by an employer against a surety. Id. at 651, 22 P.3d at 1030. This Court upheld the district court's jurisdictional finding. Id.
Additionally, this Court has held the courts to be "the proper forum" for the determination of constitutional questions. Idaho State Ins. Fund v. Van Tine, 132 Idaho 902, 908, 980 P.2d 566, 572 (1999) (Van Tine II). "The Industrial Commission in particular does not have jurisdiction to decide ... constitutional challenges." Id. In Meisner v. Potlatch Corp., the daughter of a worker killed in an industrial accident brought suit in district court against her father's employer and a co-worker alleging negligence, wrongful death, and a constitutional claim with respect to the terms of the distribution of the employer's retirement plan. 131 Idaho 258, 260, 954 P.2d 676, 678 (1998). The district court dismissed the plaintiff's negligence and wrongful death claims, finding the exclusive remedy for those claims to come under the workers' compensation statutes. Id. at 260-61, 954 P.2d at 678-79. On the constitutional question, however, the district court found itself to have jurisdiction, and this Court affirmed its ruling in favor of the defendants. Id. This Court also provided in Johnson v. Bonner Cty. Sch. Dist. No. 82 that where a decisionmaker is shown to be biased or to have prejudged any issue before it, a district court is empowered to step in and fashion an appropriate remedy. 126 Idaho at 494, 887 P.2d at 39.
Here, as in Selkirk Seed Co., the present action is not an action between workers and employers. Instead, in addition to naming the ISIF, the Claimants have brought suit against the Industrial Commission itself. An action by a worker against any entity besides a surety or an employer does not generally fall within the purview of the Commission. See Selkirk Seed Co., 135 Idaho at 651, 22 P.3d at 1030. Moreover, the Commission is without jurisdiction to rule on constitutional questions. Van Tine II, 132 Idaho at 908, 980 P.2d at 572 (1999). Here, the Claimants have raised constitutional due process issues outside the jurisdictional competence of the Commission. See id. The Court finds subject matter jurisdiction over cases of this type to rest with the district court.

B. Failure to Exhaust Administrative Remedies
The second grounds for dismissal given by the district court was the Claimants'"failure to exhaust administrative remedies." Although we have found a district court has jurisdiction to decide constitutional issues, "[e]xhaustion of administrative remedies is generally required before constitutional claims are raised." Serv. Emp. Intern. v. Idaho Dept. of H. & W., 106 Idaho at 762, 683 P.2d at 410.

1. Failure To Exhaust Administrative Remedies Deprives Trial Courts of Jurisdiction
The motion to dismiss filed by the Commission referenced four different subsections *461 of I.R.C.P. 12(b): 12(b)(1) for lack of subject matter jurisdiction; 12(b)(2) for lack of personal jurisdiction; 12(b)(3) for improper venue; and 12(b)(6) for failure to state a claim upon which relief can be granted. During the hearing on the Commission's motion, the district court stated that "this was a 12(b)(6) motion filed by the Industrial Commission.... And since it is a Rule 12(b)(6) motion, I'm going to construe the facts, as alleged in the complaint, in the favor of the plaintiff." In spite of this statement, when issuing its order the district court did not specify under what specific subsection of Rule 12(b) it was acting.
"Failure to exhaust administrative remedies" has been viewed by courts as properly coming under 12(b)(1) as going to subject matter jurisdiction, or as coming under 12(b)(6) for failure to state a claim, or even as being a "`non-enumerated' Rule 12(b) motion." 5B Wright & Miller, supra, § 1350 (quotation contained in footnote 6). This Court has held that generally the exhaustion doctrine implicates subject matter jurisdiction because a "district court does not acquire subject matter jurisdiction until all the administrative remedies have been exhausted." Fairway Development v. Bannock County, 119 Idaho 121, 125, 804 P.2d 294, 298 (1990).
Because here the district court ruled on two grounds that it did not have jurisdiction, but did not decide whether the amended complaint contained a cause of action, this Court treats the dismissal as coming under I.R.C.P. 12(b)(1).

2. The Claimants Failed To Exhaust Their Administrative Remedies
Before a court will hear an appeal from an agency adjudication, a litigant must normally exhaust the administrative remedies that agency makes available. Dept. of Agriculture v. Curry Bean Co. Inc., 139 Idaho 789, 792, 86 P.3d 503, 506 (2004).
The relevant Industrial Commission procedures are as follows. When an LSSA is presented to the Commission, it may approve or deny the settlement, based on the "best interests of all parties." I.C. § 72-404; J.R.P. XVIII(B). The Commission's Rule XVIII(C) gives a short list of all the documentation an LSSA submission is expected to contain. If the LSSA is approved, that ends the matter. If it is denied, the Commission may request additional information, or the Commission or either party may "schedule a hearing limited to the issue of whether the lump sum settlement ... is for the best interest of all parties." J.R.P. XVIII(D). The Commission's internal rules state that "[t]here is no appeal from the Commission's decision" regarding approval or denial of an LSSA. Id. If the Commission denies the settlement agreement at the hearing, a claimant may leave the LSSA behind and request a final hearing on the merits. See I.C. § 72-712; J.R.P. X. If the Commission again rules against a claimant at the hearing on the merits, it may be appealed directly to this Court. I.C. § 72-724.
Here, the Claimants brought the present action into the district court after the LSSA was orally denied by the Commission, but without requesting a hearing on the Commission's refusal, or seeking a Commission hearing on the underlying merits of the claim. As a result, in order to avoid dismissal the Claimants must successfully assert an exception to the exhaustion requirement that applies in this case.

3. Bias Or Prejudgment Exempts Litigants From Exhaustion Requirements
One such exception to the exhaustion requirement applies where bias or prejudgment by the decisionmaker can be demonstrated. Peterson v. City of Pocatello, 117 Idaho 234, 236, 786 P.2d 1136, 1138 (Ct.App.1990); 3 CHARLES H. KOCH, JR., ADMINISTRATIVE LAW AND PRACTICE, § 13.22(9) (2d ed.1997); see Johnson v. Bonner Cty. Sch. Dist. No. 82, 126 Idaho 490, 493, 887 P.2d 35, 38 (1994). This is because "[t]he due process clause entitles a person to an impartial and disinterested tribunal." Eacret v. Bonner Cty., 139 Idaho 780, 784, 86 P.3d 494, 498 (2004). Actual bias on the part of a decisionmaker is "constitutionally unacceptable." Johnson, 126 Idaho at 493, 887 P.2d at 38. The constitutional requirement that an adjudicator be free from bias applies equally to *462 the courts and to state administrative agencies. Eacret, 139 Idaho at 784, 86 P.3d at 498. To require a litigant to exhaust his administrative remedies before a biased decisionmaker would also be futile. See Peterson, 117 Idaho at 236, 786 P.2d at 1138.
This Court's decision in Johnson v. Bonner Cty. Sch. Dist. No. 82 provides a trial court the authority to halt administrative proceedings "upon a showing that there is a probability that the decisionmaker will decide unfairly any issue" before it. 126 Idaho at 493, 887 P.2d at 38. In Johnson, a school principal (Johnson) had engaged in a public dispute with members of the school board. 126 Idaho at 491, 887 P.2d at 36. Both Johnson and members of the board traded barbed comments that were published in the local newspaper. Id. When the board acted to fire him, Johnson, alleging bias, sought a restraining order in district court to prevent the board from acting as the adjudicator at his termination hearing. Id. at 491-92, 887 P.2d at 36-37. Reasoning that it was not empowered to enjoin the board under those circumstances, the district court dismissed Johnson's action. Id. at 492, 887 P.2d at 37. On review, this Court reversed the district court's dismissal. Id. at 494, 887 P.2d at 39. The Court found requiring a litigant to submit to a biased decisionmaker to be a "constitutionally unacceptable" violation of due process. Id. at 493, 887 P.2d at 38. Therefore, according to this Court in Johnson,"upon a showing that there is a probability that a decisionmaker in a due process hearing will decide unfairly any issue presented in the hearing, a trial court may grant an injunction to prevent the decisionmaker from participating in the proceeding." Id. at 494, 887 P.2d at 39.
Here, under the standard of review applicable to I.R.C.P. 12(b) dismissals, if the Claimants' amended complaint alleged facts sufficient to infer bias or prejudgment, this Court would assume the allegations to be true. See Young, 137 Idaho at 104, 44 P.3d at 1159. Because actual prejudgment or bias trumps the normal exhaustion requirements, see Johnson, 126 Idaho at 493, 887 P.2d at 38, the district court's dismissal for "failure to exhaust administrative remedies" would be in error. Therefore, we must determine whether the Claimants' complaint alleged facts sufficient to infer bias or prejudgment.

4. The Legal Conclusion Of "Bias And Prejudgment" Will Not Be Inferred As True Absent Accompanying Allegations Of Sufficient Supporting Facts
In order to survive a 12(b) motion to dismiss, it is not enough for a complaint to make conclusory allegations. See Rincover, 128 Idaho at 656, 917 P.2d at 1296. Although the non-movant is entitled to have his factual assertions treated as true, see id., this privilege does not extend to the conclusions of law the non-movant hopes the court to draw from those facts. Falwell v. City of Lynchburg, 198 F.Supp.2d 765, 771-72 (W.D.Va.2002) (stating that "[w]hen considering a Rule 12(b)(1) motion to dismiss, a court assumes that all factual allegations in the complaint are true. In contrast, the Court is not obligated to assume that a plaintiff's legal conclusions or arguments are also true." (internal citations omitted)).
This principle is illustrated in Heller v. Roberts, where the plaintiff sued an Assistant District Attorney for directing "an allegedly derogatory word" towards the plaintiff in open court. 386 F.2d 832 (2nd Cir.1967). The plaintiff alleged that federal jurisdiction existed pursuant to 42 U.S.C. sections 1981 and 1983, as well as the 14th Amendment of the United States Constitution. Id. He further alleged that he had "been deprived `of his property and personal rights and professional status, contrary to the Constitution and laws of the United States'" as a result of the slander. Id. Even "construing the complaint most liberally" by assuming the truth of the facts pled by the plaintiff, (the use of a derogatory word in court) the court in Heller did not see how those facts could possibly add up to the plaintiff's legal conclusion  that the complaint contained an actionable federal claim. Id. Consequently, the court affirmed the dismissal of Heller's suit. Id.
Here, the Court is presented with a similar situation. The Claimants have made a number of assertions both of fact and of law, but under the applicable standard of review only *463 the factual claims must be assumed to be true. 5B Wright & Miller, supra, § 1350; see Rincover, 128 Idaho at 656, 917 P.2d at 1296. It is for this Court to decide whether those facts, even if true, can reasonably be seen to infer the legal conclusions sought by the Claimants. Id.
The Claimants have advanced two factual assertions by which the Court could infer bias or prejudgment. The first assertion is that in the 25-year period for which there are computerized records, the Commission had never before rejected a settlement agreement. This assertion was not alleged in the amended complaint, but was raised only later in a deposition and an affidavit. Consequently, under the applicable standard of review this Court need not consider this first factual assertion. See Young v. City of Ketchum, 137 Idaho at 104, 44 P.3d at 1159 (stating that on a 12(b) facial challenge a court "looks only at the pleadings").
The second assertion is that when the Commission informed the Claimants it was denying their settlement agreements, it gave as its reason that "the Industrial Commission did not believe defendant ISIF had any liability on the claim[s]." Because this allegation was contained in the Claimants' amended complaint, it must be assumed to be factually correct for purposes of this review. Young, 137 Idaho at 104, 44 P.3d at 1159.
Nevertheless, even assuming the truth of the Claimants' factual allegations, those specific facts do not rise to the level necessary to infer bias or prejudgment on the part of the Commission. It is understandable the Commission chose to provide some grounds for its decision when it informed the Claimants of the denial of their settlement agreements. To do otherwise could create the appearance that its determination was arbitrary or capricious. See Laurino v. Board of Prof'l Discipline, 137 Idaho 596, 601, 51 P.3d 410-415 (2002). Additionally, it was proper for the Commission to consider the underlying merits of the Claimants' claims when making its statutorily required determination as to whether the settlement agreements were "for the best interest of all parties." See I.C. § 72-404. Without some preliminary inquiry into the merits of the claim, the Commission cannot properly judge whether an injured worker is surrendering a strong claim for too small a settlement, or whether the ISIF is unwisely satisfying spurious claims at great cost.
Nothing in this decision should be read to detract from our holding in Johnson. There, we held a "showing that there is a probability that a decisionmaker in a due process hearing will decide unfairly" will allow a litigant to bypass the exhaustion requirements. Johnson, 126 Idaho at 494, 887 P.2d at 39. In Johnson the school board's hearing came after a very public and hostile feud between Johnson and members of the board. Id. at 491-92, 887 P.2d at 36-37. The facts presently before us simply do not give rise to a Johnson case. This Court finds the substance of the alleged communication by the Commission was insufficient to infer bias or prejudgment as a matter of law, and therefore the dismissal of the Claimants' action for failure to exhaust administrative remedies is affirmed.

C. Attorney Fees On Appeal
The Commission has requested an award of attorney fees on appeal pursuant to Idaho Code section 12-121. An award of attorney fees on appeal under Idaho Code section 12-121 is appropriate only when "the appeal was brought or defended frivolously, unreasonably or without foundation." Lovelass v. Sword, 140 Idaho 105, 109, 90 P.3d 330, 334 (2004). The issues raised by the Claimants were not frivolous, and therefore no award of attorney fees is warranted.

IV. CONCLUSION
The district court had subject matter jurisdiction over the Claimants' action because it asserted matters, such as constitutional arguments, that went outside the Commission's limited mandate to apply the workers' compensation laws. Therefore, we reverse that portion of the district court's judgment that it did not have jurisdiction to decide claims such as those brought here by the Claimants.
To determine if the Claimants' failure to exhaust administrative remedies is nevertheless *464 fatal to their complaint, it is first necessary to find whether the specific facts pled in the amended complaint infer bias or prejudgment by the Commission. This Court finds the specific facts pled by the Claimants do not infer bias or prejudgment as a matter of law. As a result, the allegations raised by the Claimants do not halt the operation of the exhaustion requirement. That portion of the district court's judgment dismissing the Claimants' action for failure to exhaust administrative remedies is affirmed. This opinion does not limit the Claimants' right to proceed before the Commission with the remaining steps of the Commission's administrative process. Costs on appeal, but not attorney fees, are awarded to the Commission.
Chief Justice SCHROEDER and Justices KIDWELL,[2] and EISMANN concur.
Justice TROUT, Dissenting.
Because I believe the Amended Complaint filed by plaintiffs is sufficient to allege bias by the Industrial Commission, I respectfully dissent.
I agree that claimants could have requested a hearing before the Commission solely on the question of whether the lump sum settlement agreements were in the best interests of the parties, and their failure to do so is a failure to exhaust administrative remedies. However, I believe there were sufficient allegations of bias and prejudgment in the Amended Complaint to exempt claimants from the exhaustion requirement, saving their claims from dismissal.
As alleged in the Amended Complaint, when the Commission denied approval of the lump sum settlement agreements, it did not state that the agreements were not "for the best interest of all parties" as provided in J.R.P. XVIIIB and I.C. § 72-404. Rather, it is alleged the Commission representative conveyed that the Commission did not believe there was any liability on the part of the ISIF. In making that determination as to each of the three claims, the Commission was indicating that there was no manifest pre-existing physical impairment which constituted a subjective hindrance or obstacle to employment, there was no subsequent work related injury, or the worker was not now totally and permanently disabled  the circumstances under which ISIF would become liable. See Garcia v. J.R. Simplot Company, 115 Idaho 966, 772 P.2d 173 (1989).
In making that determination, the Commission clearly had prejudged the merits of the factual basis for the workers' claims, and was not simply deciding whether the agreement was in the best interests of the parties. Pursuant to J.R.P XVIII, the Commission requires the parties to submit the terms of the lump sum settlement, including the claimant's current medical and employment status, lists of medical providers paid and summary of benefits paid, outstanding and unpaid medical expenses, the method of calculating benefits and supporting data, together with information on attorney fees and "an affirmative statement that the agreement is in the best interests of the parties." It is hard to imagine how that summary information would be sufficient for the Commission to examine pre-existing injuries, whether they constituted a "subjective hindrance" and whether the claimant is now totally and permanently disabled, absent some pre-conceived desire to deny the claim in a particular case. That summary information would be sufficient, however, for the Commission to determine that the lump sum agreement is of benefit to all parties, which is all the Commission is to do under the statute.
I think the plaintiffs' allegations of prejudgment are sufficient to implicate the exception to the rule that a party must exhaust administrative remedies. Thus, I disagree with the Court's opinion that the plaintiffs' allegations are not sufficient to withstand a Rule 12(b) motion to dismiss. Under our lenient standards for notice pleading, I think these allegations are sufficient and I believe the district judge should be reversed and the matter remanded for further proceedings.
NOTES
[1] There is a distinction between 12(b)(1) facial challenges and 12(b)(1) factual challenges. Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.1990); 5B Wright & Miller, supra, § 1350. Facial challenges provide the non-movant the same protections as under a 12(b)(6) motion. Id. Factual challenges, on the other hand, allow the court to go outside the pleadings without converting the motion into one for summary judgment. Id. Here, the Commission does not dispute the facts pled by the Claimants but rather only the legal conclusions reached within the four corners of the amended complaint. Therefore, the 12(b)(1) challenge is facial, and the standard of review mirrors that used under 12(b)(6).
[2] Justice Kidwell voted to concur in the opinion prior to his retirement on January 1, 2005.