**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42555**

| | | |
|---|---|---|
| GAGE STIDHAM, | ) | 2015 Unpublished Opinion No. 486 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: May 14, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IDAHO INDUSTRIAL COMMISSION; | ) | THIS IS AN UNPUBLISHED |
| DIRECTOR OF THE IDAHO INDUSTRIAL | ) | OPINION AND SHALL NOT |
| COMMISSION; IDAHO DEPARTMENT | ) | BE CITED AS AUTHORITY |
| OF LABOR; DIRECTOR OF THE IDAHO | ) | |
| DEPARTMENT OF LABOR; and, | ) | |
| | ) | |
| Defendants-Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNKNOWN JOHN and JANE DOES I-X, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order granting motion to dismiss, <u>affirmed</u>.

Gage Stidham, Meridian, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Tracey Rolfsen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Gage Stidham appeals from the district court's order granting the defendants' motion to dismiss. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

From the record, it appears that the facts are as follows: Stidham applied for unemployment benefits in November 2012, which were granted. In November 2013, he

requested that the benefits be renewed. In response, the Department of Labor ("Department") informed Stidham that in order to qualify for benefits in a second successive year, he must have earned money during the first year he received benefits. Stidham then told the Department, for the first time, that during his first benefit year he had earned wages in the amount of $2,400 by helping his father. The Department denied the renewal request, finding that Stidham had been self-employed and failed to report income while receiving benefits. Consequently, the Department ordered that Stidham repay the unemployment benefits he had previously received and imposed a $5,000 fine. A motion for reconsideration was denied. After unsuccessfully appealing the Department's decision to the Idaho Industrial Commission ("Commission"), Stidham filed a complaint with the district court seeking an injunction, declaratory relief, and damages relating to the adverse decisions of the Department and the Commission. Stidham alleged that these decisions placed him "unnecessarily in debt [in the amount] of $21,960.89" and complained that the defendants placed a lien on some of his property and caused his wages to be garnished.

Accordingly, Stidham alleged the decisions were arrived at negligently and unprofessionally, and that the orders punished him for "an exaggerated claim of unlawful recipient of unemployment compensation." In addition to simply claiming that the decisions are erroneous, Stidham alleged various delays occurred in the process, including that he did not receive a hearing for his appeal and that the Commission improperly dismissed his motion for reconsideration as untimely. Further, Stidham alleged that "the Defendant(s) engaged in a deliberate attempt to deprive [him] of his due process of law rights as well as equal treatment of the law as defined under the U.S. Constitutional Amendments First, Fifth, Seventh and Fourteenth" and "willfully and intentionally engaged in wrongful and prejudicial review of [his] un-employment benefits."

In lieu of an answer to Stidham's complaint, the defendants filed a motion to dismiss, arguing that the complaint was subject to dismissal under Idaho Rule of Civil Procedure 12(b)(1) and (6). Following a hearing, the district court granted the defendants' motion. Stidham timely appeals.

2

A. **Dismissal of Complaint**

The district court dismissed Stidham's complaint on the basis that it lacked subject matter jurisdiction over his claims. Whether a dismissal for lack of jurisdiction pursuant to I.R.C.P. 12(b) was properly granted is a question of law over which this Court exercises free review. *See Meisner v. Potlatch Corp.*, 131 Idaho 258, 260, 954 P.2d 676, 678 (1998). Constitutional issues are also purely questions of law over which this Court exercises free review. *Id.*

On a motion to dismiss, the court looks only at the pleadings, and all inferences are viewed in favor of the non-moving party. *Owsley v. Idaho Industrial Comm'n*, 141 Idaho 129, 133, 106 P.3d 455, 459 (2005). "[T]he question then is whether the non-movant has alleged sufficient facts in support of his claim which, if true, would entitle him to relief." *Rincover v. State*, 128 Idaho 653, 656, 917 P.2d 1293, 1296 (1996) (regarding 12(b)(6) motions); *Serv. Emp. Intern. v. Idaho Dept. of H&W*, 106 Idaho 756, 758, 683 P.2d 404, 406 (1984) (regarding 12(b) challenges generally). "[E]very reasonable intendment will be made to sustain a complaint against a motion to dismiss for failure to state a claim." *Idaho Comm'n on Human Rights v. Campbell*, 95 Idaho 215, 217, 506 P.2d 112, 114 (1973). When considering a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Owsley*, 141 Idaho at 133, 106 P.3d at 459.

As a basis for the district court's jurisdiction over his complaint, Stidham cited Idaho Code § 1-705, which provides that the district court has original jurisdiction in all cases and proceedings. However, a district court's judicial review of state agency and government actions is limited to circumstances where it is expressly authorized by statute. I.R.C.P. 84(a)(1). Appellate procedure under the Employment Security Law is governed by I.C. § 72-1368, which provides that judicial review of the decisions of the Department and the Commission are limited to the Idaho Supreme Court. I.C. § 72-1368(9). Failing to file an appeal with the Supreme Court renders the Commission's decision conclusive and not subject to collateral attack. I.C. § 72-1368(11)(a).

Although additional claims addressed below are mentioned in Stidham's complaint, the gravamen of his complaint was clearly the denial of unemployment benefits and the collateral

consequences of that denial. As such, his claims and prayer for relief were largely in the nature of an appeal from the Commission's decision, which is outside of the jurisdiction of the district court. The appropriate avenue of relief was to appeal directly to the Idaho Supreme Court, not an action in the district court under the guise of a complaint for declaratory and injunctive relief.

The district court cited to *Owsley* for the proposition that the district court has limited jurisdiction to determine constitutional questions arising from the decisions of the Department and the Commission because such challenges are outside the jurisdiction of the Commission. *Owsley*, 141 Idaho at 134, 106 P.3d at 460. To the extent the district court would have had jurisdiction to determine constitutional issues involving the Department and Commission, the district court determined that Stidham's constitutional claims were not sufficiently pled. We agree. While Stidham mentioned equal protection and due process violations in his complaint, he made absolutely no allegation to support his claims other than claims of errors in the process he was given. The fact is he claimed errors occurred *during* the process, not that he was *deprived* of due process. Merely mentioning "due process," "equal treatment," and "willfully and intentionally" in his complaint did not transform his complaint into anything other than an assertion that his denial of unemployment benefits was erroneously decided, which did not invoke the jurisdiction of the district court.[1] As stated above, these are appellate issues that should have been brought on appeal to the Idaho Supreme Court.

Stidham mentions additional claims in his complaint which, similarly, were not properly pled. First, while his complaint was styled as a claim for damages, he did not in fact allege damages outside his unemployment benefits claim and the collateral issues associated with its denial. Second, to the extent he was attempting to raise issues against the state by citing I.C. § 6-901, et seq. (Idaho Tort Claims Act) as a basis for the court's jurisdiction, he did not comply with the Tort Claims Act, aside from denying making any claim for damages.

Lastly, Stidham's appellate brief is focused solely on the contention that he asserted a claim under 42 U.S.C. § 1983 which is the basis for the district court's jurisdiction. Section 1983 provides, in appropriate circumstances, a cause of action under federal statute for

---

[1] Even on appeal, as the Commission has noted, Stidham has failed to support his constitutional claim with any facts or authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

4

unlawful state action. While in his complaint Stidham referenced section 1983 as a basis for the court's jurisdiction, even under the most liberal reading of his complaint, he stated no facts to support a claim under this section and did not ask for damages as a consequence of unlawful state action. Merely referencing section 1983 under the heading "jurisdiction" does not state a claim under that section. Moreover, in his appellate brief, Stidham makes no cogent argument as to how the district court erred in ruling on this issue and fails to cite to any portion of the record which may support the claim. Accordingly, the district court did not err in dismissing Stidham's claims.

**B.      Attorney Fees on Appeal**

The Commission requests attorney fees on appeal pursuant to I.C. §§ 12-117, 12-120, and 12-121. These statutes allow the award of attorney fees to the prevailing party where the non-prevailing party acted without a reasonable basis in fact or law or where "the appeal was brought or defended frivolously, unreasonably, or without foundation." *Lovelass v. Sword*, 140 Idaho 105, 109, 90 P.3d 330, 334 (2004). While it is clear that Stidham does not understand the legal processes of the Department and the Commission, we cannot say that he acted unreasonably or in bad faith in pursuing this appeal. Therefore, no attorney fees are awarded.

## III.

## CONCLUSION

The district court correctly dismissed Stidham's complaint. Accordingly, we affirm the district court's order granting the defendants' motion to dismiss. Costs on appeal, but not attorney fees, are awarded to the respondents.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**

5