# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48731

| | | |
|---|---|---|
| WILLIAM JAMES HARTMAN, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | Boise, May 2022 Term |
| | ) | |
| CANYON COUNTY, IDAHO, a political subdivision of the State of Idaho, | ) | Opinion filed: August 22, 2022 |
| | ) | |
| | ) | Melanie Gagnepain, Clerk |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Christopher S. Nye, District Judge.

The district court's decision is <u>reversed</u> and <u>remanded</u>.

Rossman Law Group, PLLC, for Appellant. Matthew G. Gunn argued.

Idaho Employment Lawyers PLLC, for Respondent. Pamela S. Howland argued.

_____

ZAHN, Justice.

This case concerns whether the district court erred in granting summary judgment against a county employee for failing to exhaust administrative remedies prior to filing suit against his employer, Canyon County. For the reasons stated below, we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Canyon County employed William Hartman as a heavy equipment operator at the Pickles Butte landfill in Nampa, Idaho, from 2012 until 2017. In February 2017, Hartman reported to Canyon County's Human Resources Office that a female co-worker was being sexually harassed. The next month, Hartman, who is an army veteran, told both the director of the landfill, David Loper, and his immediate supervisor that he was taking narcotics prescribed to him for chronic pain. Canyon County requested Hartman provide, by a set deadline, medical documentation confirming his prescription and verifying that his use of narcotics would not adversely impact his

1

ability to safely operate equipment. Hartman stated he was attempting to obtain the documentation, but he failed to provide it within the requested timeframe.

On April 28, 2017, Loper sent Hartman a "Notice of Intent to Terminate," informing him that his employment with Canyon County would be terminated effective May 2, 2017. The notice stated that pursuant to Rule 11.04 of the Canyon County Personnel Manual and "I.C. § 72-1701 et. seq. [sic]," Hartman could request a good faith hearing concerning the termination within two days of receiving the letter. To request the hearing, Hartman had to submit a written request explaining the bases for his objection to his termination and why he thought it was unwarranted or unlawful. The notice explained that either Loper or his designee would conduct the hearing and the "[f]ailure to request a good faith hearing constitutes a failure to exhaust your remedies under the Personnel Rules." The notice concluded with the statement, "I wish you the best in your future endeavors." Prior to Hartman's receipt of the notice, Canyon County paid Hartman the balance of his accrued leave.

Hartman did not request a good faith hearing. Canyon County's Human Resources Office sent Hartman a letter dated May 3, 2017, stating that Hartman's last day of employment with Canyon County was May 2 and providing information about Hartman's benefits "to assist you as you separate from Canyon County employment."

Hartman filed a notice of tort claim with Canyon County on July 27, 2017, alleging he had been unlawfully terminated. He filed a charge of discrimination with the Idaho Human Rights Commission on August 3, 2017. On November 28, 2018, Hartman filed a complaint against Canyon County, alleging (1) disability-based discrimination in violation of the Idaho Human Rights Act ("IHRA") and Americans with Disabilities Act ("ADA"); (2) unlawful retaliation in violation of Title VII of the Civil Rights Act ("Title VII"); and (3) unlawful termination in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Hartman later voluntarily dismissed his USERRA claim.

After engaging in discovery, Canyon County moved for summary judgment in December 2019. Canyon County asserted several grounds for summary judgment, including that Hartman had not exhausted his administrative remedies because he did not request a good faith hearing. The district court heard argument on the motion and, in an oral ruling, concluded there were genuine issues of material fact on both Hartman's ADA claim and his Title VII retaliation claim. However,

2

the district court requested additional briefing on the administrative exhaustion argument, and reserved ruling on whether summary judgment was appropriate on that ground.

Hartman and Canyon County submitted supplemental briefing on the narrow issue of administrative exhaustion. Canyon County argued that the grievance procedure set out in the Personnel Manual required Hartman to request a good faith hearing to exhaust his administrative remedies. Hartman countered that the Personnel Manual was not a contract and, therefore, could not create binding administrative remedies. He also asserted that if the Personnel Manual required him to request a good faith hearing to exhaust his remedies, such a request would have been futile.

After considering the parties' supplemental briefing the district court issued a written decision, granting Canyon County's motion for summary judgment. The district court reasoned that a Canyon County ordinance identified the Personnel Manual as the official manual of procedures for the Canyon County personnel system. Since Hartman had not requested a good faith hearing, the district court concluded that he had failed to exhaust his administrative remedies and his claims should be dismissed unless an exception applied. On that note, the district court determined that Hartman failed to establish an exception applied because he had not raised a genuine dispute of material fact on whether requesting a good faith hearing would be futile. Consequently, the district court granted Canyon County's motion for summary judgment and entered a final judgment dismissing the case.

Hartman then moved to alter or amend the judgment under Idaho Rule of Civil Procedure 59(e). Hartman reiterated his position that a non-binding Personnel Manual cannot create an enforceable administrative remedy independent of a statute or administrative rule. Additionally, Hartman asserted that he raised a triable issue of material fact regarding the futility of seeking a good faith hearing because Canyon County paid Hartman the full value of his accrued leave *before* serving him with the notice of intent to terminate. He also stated that the notice, signed by his supervisor who would conduct the good faith hearing, concluded by wishing him "the best in [his] future endeavors[,]" thus indicating that his supervisor had already decided to terminate his employment. Hartman later filed an amended memorandum in support of his motion to alter or amend, arguing that the administrative exhaustion provisions of the ADA and Title VII preempted the Canyon County Personnel Manual's administrative prerequisites to bringing suit.

3

The district court denied Hartman's motion to alter or amend in a brief order, noting only that it had the discretion to do so and that "[a]fter reviewing the record and the applicable law, the Court concludes that there are no legal or factual errors to correct." Hartman timely appealed.

## II.     ISSUES ON APPEAL

1. Did the district court err in granting summary judgment against Hartman for failing to exhaust administrative remedies?

2. Did the district court abuse its discretion in denying Hartman's motion to alter or amend judgment?

## III.     STANDARD OF REVIEW

This Court applies the same standard used by the district court when reviewing a district court's summary judgment ruling. *Smith v. Kount, Inc.*, 169 Idaho 460, 463, 497 P.3d 534, 537 (2021). "[S]ummary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting I.R.C.P. 56(a)). "[A]ll disputed facts are 'construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party.'" *Id.* (quoting *Bedke v. Ellsworth*, 168 Idaho 83, 91, 480 P.3d 121, 129 (2021)). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012) (citing *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005)).

## IV.     ANALYSIS

Hartman contends that the district court erred in concluding that a non-contractual personnel manual could create a binding administrative remedy because such remedies must have the force of law, meaning they must be provided for in a statute, rule, or contract. Hartman contends that the Personnel Manual was not a statute, rule, or contract and therefore could not give rise to a binding administrative remedy. He further notes that nothing in the record suggests that the Personnel Manual was adopted pursuant to Canyon County ordinances.

Canyon County maintains that the good faith hearing provided for in the Personnel Manual was properly authorized under Canyon County's constitutional and statutory authority to enact ordinances controlling personnel matters. Further, Canyon County argues that there is no requirement that an administrative remedy must be set forth in a statute or contract. Canyon County contends that the district court properly granted summary judgment in its favor because its

4

Personnel Manual required Hartman to exhaust the administrative remedy of a good faith hearing and he failed to do so.

The administrative exhaustion doctrine is well-established in American jurisprudence, dating back to the turn of the twentieth century. *See United States v. Sing*, 194 U.S. 161, 170 (1904) ("We are of [the] opinion that the attempt to disregard and override the provisions of the statutes and the rules of the Department, and to swamp the courts by a resort to them in the first instance, must fail."). Generally stated, administrative exhaustion "requires that where an administrative remedy is provided by statute, relief must first be sought by exhausting such remedies before the courts will act." *Regan v. Kootenai Cnty.*, 140 Idaho 721, 724, 100 P.3d 615, 618 (2004) (citing *McKart v. United States*, 395 U.S. 185, 193–95 (1969)). The rule serves twin purposes. First, it safeguards agency autonomy to make decisions within an agency's expertise. *McKart*, 395 U.S. at 194. Second, as a corollary of allowing agencies to resolve disputes within their jurisdiction, exhaustion protects judicial economy. *Id.* at 194–95. The legislature may make exhaustion mandatory; however, in the absence of a clear exhaustion requirement, courts may exercise discretion in applying the administrative exhaustion doctrine. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required. . . . But where Congress has not clearly required exhaustion, sound judicial discretion governs.")

Although the parties argue on appeal that a binding administrative remedy must have "the force and effect of law," that is not the standard that this Court has applied. Instead, this Court's decisions have looked to whether there is a statutorily created remedy. "If an administrative remedy is provided by statute, relief must first be sought by exhausting such remedies before the courts will act." *See Nation v. State, Dep't of Correction*, 144 Idaho 177, 193, 158 P.3d 953, 969 (2007) (internal quotation marks omitted) (quoting *White v. Bannock Cnty. Comm'rs.*, 139 Idaho 396, 401, 80 P.3d 332, 337 (2003)). Similarly, in *Arnzen v. State* and *Peterson v. City of Pocatello*, aggrieved employees were required to exhaust internal grievance procedures before filing suit because state law directed the governmental employers to adopt grievance procedures for employees. *Arnzen v. State*, 123 Idaho 899, 906–07, 854 P.2d 242, 249–50 (1993) (requiring an employee to exhaust Department of Law Enforcement grievance procedure authorized by Idaho Code section 67-5315); *Peterson v. City of Pocatello*, 117 Idaho 234, 236–37, 786 P.2d 1136, 1138–39 (Ct. App. 1990) (requiring an employee to exhaust city regulations patterned after Idaho Code title 50, chapter 16).

In *Nation*, several aggrieved employees brought state and federal claims against their employer, the Idaho Department of Correction. 144 Idaho at 192, 158 P.3d at 968. The Department had established an internal grievance procedure pursuant to Idaho Code section 67-5315, which required certain state agencies to adopt grievance procedures as prescribed by rules from the administrator of the division of human resources. *Id.*; I.C. § 67-5315. The district court found that the employees had not followed the Department's internal grievance procedures before suing and dismissed their state law retaliation claims for failing to exhaust administrative remedies. *Id.*

On appeal, the employees argued that they were not required to pursue the Department's grievance procedures because their retaliation claims sounded in tort; thus, they fell outside the scope of the administrative remedy provided by Idaho Code section 67-5315. *Id.* This Court reasoned that the employees' retaliation claims were closely tied to their allegations that the Department took adverse employment action against them and held that the employees were required to exhaust the Department's grievance procedures before filing suit. *Id.* at 192–93, 158 P.3d at 968–69. In other words, because section 67-5315 provided the employees an administrative remedy to address concerns regarding their employment, the employees were required to exhaust that remedy prior to filing claims related to their employment. *See id.*

In this appeal, Canyon County contends that it adopted its Personnel Manual pursuant to state law and, therefore, it created an administrative remedy that had to be exhausted before filing suit. Canyon County points to a variety of statutes and constitutional provisions, which it argues grant boards of county commissioners general police powers, including the authority to enact ordinances, rules, and regulations pertaining to the administration of a county personnel system. *See* IDAHO CONST. art. 12, § 2 ("Any county . . . may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."); I.C. § 31-604 (granting a county the power to exercise "such other and further authority as may be necessary to effectively carry out the duties imposed on it by the provisions of the Idaho Code and constitution."); I.C. § 31-714 (county commissioners may enact such ordinances, rules, and regulations "as are necessary or proper to provide for the safety, promote the health and prosperity, improve the morals, peace and good order, comfort and convenience of the county and the inhabitants thereof.").

We have recognized that Idaho's constitution and statutes grant counties broad authority to legislate in the interest of the general welfare, which includes the ability to create and administer

6

county personnel systems. *Hansen v. White*, 114 Idaho 907, 910–11, 762 P.2d 820, 823–24 (1988). However, this grant of authority did not create an administrative remedy for employees which had to be exhausted in order for them to file suit. Our caselaw requires an enforceable administrative remedy be created by a statute. The statutory and constitutional provisions Canyon County cites may give it authority to administer a personnel system, but they do not create, or obligate Canyon County to create, a grievance process for employees.

Canyon County also points to its own ordinance as evidence of its creation of an administrative remedy. Canyon County Code section 01-05-07 states, "[t]he board of county commissioners shall have the power and authority to issue rules as necessary for the implementation and maintenance of the Canyon County personnel system." CANYON CNTY. CODE § 01-05-07(1). That ordinance further provides that "[t]he 'Canyon County Personnel Rules' shall be the official manual of procedures for the operation of the Canyon County personnel system." CANYON CNTY. CODE § 01-05-07(2).

We have not addressed whether a municipality can create a binding administrative remedy through an ordinance. Rather, our caselaw has consistently recognized enforceable administrative remedies as those created by statute. *See Nation*, 144 Idaho at 193, 158 P.3d at 969 ("If an administrative remedy is provided by statute, 'relief must first be sought by exhausting such remedies before the courts will act.'"). Canyon County has not cited any authority to support its position that it can create a binding administrative remedy. However even if it could, the Canyon County ordinance in question does not create a binding administrative remedy. It only authorizes the issuance of personnel rules and provides that such rules will be binding on county employees.

This case is readily distinguishable from *Nation*, *Arnzen*, and *Peterson*. In those cases, a statute directed the governmental employers to adopt a grievance process. In this case there is no such statutory direction to Canyon County. Our caselaw requires an administrative remedy be created by statute for the exhaustion doctrine to apply. In the absence of such a statute, we hold that the district court erred in applying the exhaustion doctrine to dismiss Hartman's claims.

We also note that both Title VII of Civil Rights Act and Title I of the ADA contain statutory exhaustion requirements. *See Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995); *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999). The Idaho Human Rights Commission is the state agency charged with statutory responsibility to administer Title VII and ADA claims, which it exercises pursuant to a work-sharing agreement with the federal Equal Employment

7

Opportunity Commission. *See* I.C. § 67-5901(1); 42 U.S.C. § 2000e-5. Canyon County has cited no legal authority supporting its assertion that it can unilaterally impose additional exhaustion requirements for these federal laws.

Given our holding that the district court erred in granting summary judgment based on the exhaustion doctrine, we need not address Hartman's futility argument or whether the district court abused its discretion in denying Hartman's motion to alter or amend judgment.

## V.    CONCLUSION

Based on the above, we reverse the district court's summary judgment decision and remand for further proceedings consistent with this opinion. Costs on appeal are awarded to Hartman.

Chief Justice BEVAN, Justices BRODY, STEGNER and MOELLER CONCUR.